(11 App. Div. 4.)

### PEOPLE ex rel. WILLIS v. SAGE et al.

(Supreme Court, Appellate Division, Second Department.   December 15, 1896.)

1. PARDON—COMMUTATION OF SENTENCE—MANDAMUS.
    Mandamus will lie to compel a board of commutation to determine the amount of commutation a convict is entitled to, where he was formerly imprisoned under a sentence of a federal court, and discharged on a commutation conditioned that if, between the date of his discharge and the expiration of the full term of the sentence, he should be convicted of a felony, he should, in addition to the penalty imposed for the offense, be compelled to serve the remainder of the first term, and he was within the stated time convicted in a state court and sentenced for a term of years in prison, which last term, with the commutation allowed by law for good conduct, he has served, though he has not served the commuted first term.

2. SAME—CONSTITUTIONAL LAW—TWICE IN JEOPARDY.
    Laws 1886, c. 21, § 14, providing that the governor may commute a sentence on condition that, if the convict commits a felony within the period given him for good behavior, he shall, in addition to the new sentence, work out the commuted term, is not in conflict with the constitutional provision (Const. art. 1, § 6) that no person shall be subject to be twice put in jeopardy for the same offense.

3. COURT—CONFLICTING STATE AND FEDERAL JURISDICTION.
    A state court cannot grant relief to a person held as a prisoner in a state penitentiary on account of his violation of the condition of a commutation of a sentence by a federal court.

Appeal from special term, Westchester county.

Application by Charles P. Willis for a writ of mandamus to compel Omar V. Sage, agent and warden, James Connaughton, principal keeper, and R. T. Irvine, physician, of the Sing Sing Prison, constituting the board for the allowance of commutation, to allow him commutation for his good conduct as a convict in such prison. From an order denying the motion for the writ, relator appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Francis Larkin, for appellant.
Frank H. Burroughs, for respondents.

BRADLEY, J. In May, 1885, the relator, in the United States district court for the Northern district of New York, was convicted of the offense of passing counterfeit United States treasury notes, and was sentenced to imprisonment in Erie county penitentiary for the term of five years. In January, 1889, he was, on allowance of commutation, discharged by the governor, upon the condition that if he should, during the time between the date of his discharge and the expiration of the full term for which he was sentenced, be convicted for any felony, he should, in addition to the penalty which might be imposed for such felony committed in the interval, be compelled to serve, in the prison in which he might be confined, the

remainder of the term first above mentioned, without commutation. The discharge by the governor upon such condition was granted pursuant to the statute providing for such commutation (Laws 1886, c. 21, §§ 1, 4), and the discharge by reason thereof upon such condition (Id. § 14). In this manner the term of imprisonment for which the relator was sentenced was reduced about 15 months. Within, that time, and in December, 1889, he was convicted in the court of sessions of Kings county for the offense of burglary in the third degree and grand larceny in the first degree, and sentenced to imprisonment in the state prison at Sing Sing for the term of 10 years.

It is assumed that the relator is entitled to the action of the commutation board in his case unless he may be required to serve the residue of the term for which he was sentenced by the United States district court, and unless that fact is a reason for its denial. His counsel insists that no legal reason exists for his detention for such purpose, and, further, that the defendants can take no notice of the sentence by the United States court in the performance of their duty as a commutation board in behalf of the relator, as provided by Laws 1886, c. 21, § 7. He would be right in the first part of his insistence if the commutation allowed to him upon his imprisonment in the Erie county penitentiary had been dependent upon a federal statute solely, and without reference to the statute of this state. The only statute of the United States, to which our attention is called, designating any definite deduction from the term for which a person convicted of crime is sentenced, provides that all persons convicted of an offense against the United States and confined in any state penitentiary, "who so conduct themselves that no charge for misconduct is sustained against them, shall have deduction of one month in each year made from the term of their sentence." Rev. St. U. S. (2d Ed.) § 5543. Thus far the grant of commutation provided for is entirely distinct from the law of the state. But by the next section it is provided that:

"The preceding section, however, shall apply to such prisoners only as are confined in jails or penitentiaries where no credits for good behavior are allowed; but in other cases all prisoners now or hereafter confined in tne jails or penitentiaries of any state for offences against the United States shall be entitled to the same rule of credits for good behavior applicable to other prisoners in the same jail or penitentiary." Id. § 5544.

And it is also provided that, while confined in the jail or penitentiary of any state, such criminal shall in all respects be subject to the same discipline and treatment as convicts sentenced in the courts of the state in which said jail or penitentiary is situated, and shall exclusively be under the control of the officers having charge of the same under the laws of the state. Id. § 5539.

It is true that the federal statute does not, in express terms, provide that the prisoner discharged upon such commutation should, in the event before mentioned, be required to serve out the residue of the term for which he had been sentenced. But the provision of the United States Revised Statutes, that he shall be entitled to the same rule of credits for good behavior applicable to other pris-

oners in the same prison, would seem to have the effect to make the rule prescribed in such cases by the statute of the state applicable to those confined in the prisons of the state upon conviction of offenses against the United States. This is by force of the federal statute, the purpose of which evidently was that there should be no distinction in the application of the rule of commutation as between those convicted in the United States and state courts and confined in the prisons of the states in which a rule of commutation existed. Such, therefore, must be deemed to have been the intent and effect of the provisions before mentioned of the federal statute. And it follows that the conditions within the rule, and part of it, are necessarily applicable alike to both classes of convicts in the prisons of the state, and that the discharge of the relator by the governor from the Erie county penitentiary was subject to such condition. The fact that the provisions before referred to of the United States Revised Statutes were adopted prior to those of such commutation statute of the state does not, in the view taken, deny the application of the latter to the relator's case. Such provisions of the United States Revised Statutes, evidently, were made in contemplation of the application of the rules in that respect subsequently prescribed by the laws of the state as well as those then existing on the subject. As contemplated by the federal statute, the relator, at the time of his discharge from the penitentiary, had the benefit of the rule of commutation then existing in the state.

The contention of the learned counsel for the relator, that the provisions of section 14, c. 21, Laws 1886, are in violation of the constitutional provision that "no person shall be subject to be twice put in jeopardy for the same offense" (Const. art. 1, § 6) is not supported. The right of a person convicted of an offense to reduction of the term for which he is sentenced is wholly dependent upon the statute. He cannot be deemed to have served as a prisoner during the time allowed to him by way of abatement of such term for good behavior, but he is relieved from that relation by virtue of the statute which annexes to his discharge a condition which is neither unreasonable nor oppressive. And it is only subject to such conditions that his term of imprisonment is or can be reduced, and he be discharged before its expiration. This statute is apparently and in effect beneficial to the prisoner. But whatever right the relator had to commutation had arisen when his application was made for the writ. If he was then entitled to the abatement of the term for which he was sentenced by the judgment of the state court, his subsequently continued imprisonment would be by virtue of the judgment of the federal court. Unless the statute is in the way, no reason appears why the relator, when the time arrived at which the question of commutation might have been determined, should not have had the action of the board upon it. The statute provides that on any day, not later than the 20th day of each month, the agent and warden of each prison shall forward to the governor a report of any convict who may be discharged the following month by reason of the commutation of his sen-

tence, stating, among other things, the amount of commutation recommended, and the date for his discharge from the prison if allowed (Laws 1886, c. 21, § 4), and that the governor, upon receipt of the report recommending the allowance of commutation of sentence of a convict for his good conduct, may, in his discretion, allow it, and place his name upon a warrant directed to the agent and warden, who shall thereupon proceed to execute such warrant by discharging the convict. Id. § 13. It was by the provisions of the statute contemplated that, upon the expiration of the term abated by the allowance of commutation, the convict would be discharged from prison in execution of the warrant of the governor to that effect. This could be done when his custody was dependent solely upon judgments of the state courts, although he was sentenced for several terms. Id. § 2. The discharge of the convict from prison in execution of the warrant could not properly be directed or had, if his custody will lawfully continue for a term thereafter under the judgment of another jurisdiction than that of the state, before the expiration of that term. In the present case it may be observed that the imprisonment of the relator under the sentence of the United States district court cannot be made the subject of inquiry in the state courts, with a view to relief from it, but such inquiry can be considered in the federal court only. Tarble's Case, 13 Wall. 397. This may be a reason for making the action of the commutation board upon the relator's case desirable to him, and its requirement reasonable, so that he may be advised under which jurisdiction he is held, whether that of the state or federal court. This, we think, is practicable, consistently with his subsequently continued custody in execution of the sentence of the latter court, and therefore should be treated as his right in the premises. The action of the commutation board only is sought by the relator in this proceeding.

The order should be reversed, and the application of the relator be so far granted as to direct that a mandamus issue to the defendants, constituting the commutation board, commanding them to take action as such, and determine the amount of commutation, if any, they recommend to be allowed to the relator.

HATCH, J., concurs with BRADLEY, J.

CULLEN, J. I am not prepared to say that I disagree with Mr. Justice BRADLEY in his construction of the federal statute, but I am of opinion that we should not decide the question. I think we all agree that, if the relator is to be held as a prisoner on account of his violation of the condition on which he was released from his first term, he must be so held by virtue of the sentence of the federal court; for the relator could neither contract for his subsequent imprisonment, nor can it be considered a part of the punishment for his subsequent offense, for it is not imposed by the judgment of any court. If the relator is a federal prisoner, then the validity of his imprisonment can be determined only by the federal tribunals. Tarble's Case, 13 Wall. 397. If he should

seek release in that forum, the fact that the term of his sentence by the state court had not on its face expired would be a bar to his application, and prevent the consideration of the legality of his incarceration under the sentence of the United States court. I think that, whenever the imprisonment of a convict under a state sentence is about to expire, the board of commutation should act on his case; otherwise, the situation may present constant embarrassment. If it be not known whether he be held as a state or federal prisoner, who may pardon him,—governor or president? Then there is the economic aspect of the case. If he is a federal prisoner, the general government should pay for his support; not so, if he is a prisoner of the state. I think it necessary the board should act, and fix the status of the relator.

The order appealed from should be reversed, and application granted, to extent of directing the respondents to act on the case of the relator.

BROWN, P. J., and BARTLETT, J., concur in the views expressed by CULLEN, J.