## PEOPLE EX ·REL. JOSEPH SCHALI, RESPONDENT v. GEORGE DEYO, AS WARDEN OF CLINTON STATE PRISON, APPELLANT.*

*Court of Appeals, May, 1905.*

*Supreme Court—Appellate Division—Third Department, March, 1905.*

(181 N. Y. 425, rev'g 103 App. Div. 126.)

INDETERMINATE SENTENCE—COMMUTATION.

As respects a prisoner whose offense was committed prior to April 6, 1903, who received an indeterminate sentence, and who was, in addition, entitled to statutory commutation (under L. 1886, chap. 21), the following propositions were laid down by the Court of Appeals:

(1) The minimum is not required to be the flat term of one year. (Affirming App. Div.)

(2) The minimum is not required to be so limited as to expire before the date when the period of statutory commutation begins. (Reversing App. Div.)

(3,) The circumstance that the period of commutation attaches before the minimum has run, does not deprive the prisoner of his right to earn statutory commutation. (Reversing App. Div.)

(4) The privilege of earning statutory commutation is a substantial right, of which the prisoner cannot be deprived. *Non constat* he may never earn it. When he has earned it, he will be entitled to his discharge. If that is then withheld by the prison authorities, an application therefor may properly be addressed to the courts.

SAME—TEMPORARY INCONGRUITY.

The incongruity of allowing the same prisoner privileges under the Commutation Law and the Indeterminate-Sentence Law discussed. This incongruity is temporary in view of the amendment by L. 1903, chap. 137.

APPEAL from an order of the Appellate Division of the Supreme Court in the Third Judicial Department, entered March 23, 1905, which reversed an order quashing and dismissing a writ of habeas corpus. The order below was made by COCHRANE, J., and was entered in the office of the clerk of Albany county upon Dec. 28, 1904.

---

* We have already pointed out the relation between this Schali case and the case of Ammon (see footnote to ex rel. Ammon, *supra*, p. 427.)

Julius M. Mayer, Attorney-General (James G. Graham and Charles O. Pratt, of counsel), and George Addington, District Attorney of Albany county, for appellant.

William Travers Jerome, District Attorney of New York county (Robert C. Taylor, of counsel), intervening, for appellant.

Charles J. Herrick, for respondent.

The opinion of the Appellate Division was as follows:

HOUGHTON, J.: In the County Court of Albany county on the 6th day of May, 1903, Frank Schali was convicted of the crime of assault in the second degree committed in the January previous.

The crime is punishable, exclusive of fine, by imprisonment in a penitentiary or State prison for a term not exceeding five years. (Penal Code, § 221.) It was his first conviction, and it was the duty of the court to sentence him according to the provisions of section 687a of the Penal Code. That section provides that upon conviction of any person never before convicted of a crime the maximum penalty for which, exclusive of fines, is imprisonment for five years or less, the sentence to a State prison shall be an indeterminate one, the minimum of which shall not be less than one year, or in case a minimum is fixed by law, not less than such minimum, and the maximum of which shall not be more than the longest period fixed by law for which the crime is punishable. This section further provides that the maximum limit of such sentence shall be so fixed as to comply with the provisions of section 697 of the Penal Code, which requires that on all sentences to imprisonment in a State prison or penitentiary the court must limit the term of sentence so that it will expire between the first day of April and the first day of November, having reference to the

probability of the convict earning a reduction of his term for
good behavior, and assuming that such reduction will be earned,
except in certain cases specified, within which the defendant did
not come.

The defendant was sentenced to imprisonment in a State
prison for the term of not less than four years, and not to ex-
ceed four years and seven months; and it is claimed that the
sentence was illegal in that the minimum term was too great,
and greater than one year to which it was restricted by law.

It was to correct this sentence and to have a proper one im-
posed that the writ of habeas corpus was obtained. The learned
Special Term decided that the sentence was proper and re-
manded the prisoner.

By the provisions of chapter 21 of the Laws of 1886, which
were operative in January, 1903, when the crime for which the
prisoner was afterwards convicted was committed, every convict
confined in any State prison or penitentiary in this State by
sentence for one year or more, except for life, or as an alterna-
tive for non-payment of a fine, might earn for himself by good
behavior a commutation of two months each for the first and
second years, and four months each for the third and fourth
years, and five months for each succeeding year. And courts
were compelled to fix the term of sentence on the assumption
that the commutation would be earned, both in passing a definite
sentence and in fixing the maximum of an indeterminate sen-
tence. (Penal Code, §§ 687a, 697.) This opportunity the
prisoner had even if his sentence was indeterminate unless he
was paroled, which cannot be assumed would occur. The privi-
lege of earning such commutation was a substantial right.
(People ex rel. Willis v. Sage, 11 App. Div. 4.)

The commutation which the prisoner might earn on the maxi-
mum sentence imposed upon him in this case, if there was no
parole, would be more than one year and two months. The dif-
ference between his maximum sentence and the minimum im-

posed upon him was only seven months. If no minimum sentence had been fixed and he had earned his commutation, which it must be assumed he would, he would have been entitled to his release more than seven months prior to the expiration of his minimum term. By the fixing of his minimum sentence at four years, if he must serve that in full, he has been deprived of his liberty for seven months longer than he otherwise would be.

He having the right to earn commutation upon his maximum sentence, and this right being a substantial one of which he could not be deprived, we are of the opinion, as the law stood when the prisoner committed the crime for which he was convicted, that the minimum term for which he could be sentenced could be as great, but could not be greater than the maximum term, less full commutation for that period. To illustrate, if the maximum term was fixed at four years, the commutation which might be earned in that period would be one full year, and, therefore, the minimum sentence could not exceed three years. The sentence in the present case was, therefore, wrong, and the prisoner must be resentenced.

The relator insists that the scheme of the law is to restrict a minimum term, where indeterminate sentence is compelled, to one year only. To this we do not agree, as is apparent from the above rule which we have formulated.

This rule does not apply, however, to crimes committed since the 6th day of April, 1903, when chapter 137 of the Laws of 1903 went into effect. By that statute section 1 of chapter 21 of the Laws of 1886 was amended by taking away the right of a convict to earn commutation for good behavior, sentenced under an indeterminate sentence, and allowing it only in case the sentence was for a definite term. The right of parole took the place of the earning of commutation where the sentence was made indeterminate by fixing a minimum and a maximum period. Neither the maximum nor the minimum term fixed by an indeterminate sentence can now be cut down by commutation for

good behavior. The fixing of the maximum and the minimum term is no longer governed by the rule relative to earning commutation; and the court pronouncing sentence may place the minimum term as near the maximum as the character of the crime and of the prisoner seems to warrant, and as it seems fit.

Although the conviction of the prisoner in this case was had after this law went into effect, the crime for which he was convicted was committed prior thereto, and the law of his sentence is the law existing at the time of the commission of the crime. (People ex rel. Adams v. Johnson, 44 Misc. Rep. 550, *supra,* p. 434.) Hence, the provisions of the amendment of 1903 had no effect upon the character of sentence to be pronounced.

In order that there may be no confusion in the criminal courts with respect to the rule which we have enunciated, we are careful to state that it does not apply except to indeterminate sentences pronounced upon crimes committed prior to April 6, 1903, when chapter 137 of the laws of that year went into effect.

The order dismissing the writ must be reversed, and the writ reinstated, and the prisoner, Frank Schali, produced before the County Court of Albany County, there to be resentenced.

All concurred.

Order dismissing writ reversed, and writ reinstated, and the prisoner Frank Schali remanded to the custody of the sheriff of the county of Albany to be by him brought before the County Court of Albany county, there to be resentenced.

An appeal was then taken by the People to the Court of Appeals. It was argued April 14, 1905, and decided May 30, 1905. The order of the Appellate Division was reversed, and the following opinion was delivered.

WERNER, J.: The writ herein was issued on behalf of one Frank Schali, who is now serving a term in Dannemora State prison, under a sentence imposed after his conviction of the crime of assault in the second degree. At Special Term the writ was quashed and the prisoner remanded. The Appellate Division reversed the order entered upon that decision, reinstated the writ and directed the prison authorities to produce the prisoner in the trial court to be resentenced. The question is whether Schali was legally sentenced, and the facts involved in the inquiry are as follows: Schali, who had been indicted for the crime of robbery in the first degree, charged to have been committed on the 25th day of January, 1903, pleaded guilty to the crime of assault in the second degree and on the 6th day of May, 1903, was sentenced to Dannemora prison for a term of not less than four years, and not to exceed four years and seven months. While Schali was serving his term under that sentence, and on September 9th, 1904, the writ herein was issued, upon a petition alleging that the sentence and commitment were illegal because, in violation of the statute, the minimum of the sentence imposed exceeded one year in duration. At Special Term it was held, as above stated, that the sentence was legal and writ was quashed. The Appellate Division did not agree with the petitioner in his contention that the minimum of Schali's sentence should not have exceeded one year, but held that it was illegal because the minimum exceeded the term for which he could have been held under the maximum, after deducting the commutation provided for by statute. Upon that ground the writ was reinstated and the County Court was directed to re-sentence the prisoner.

The general subject out of which the question at bar arises is one of considerable academic interest, as is clearly shown by the learned and voluminous briefs of counsel, but its practical importance is restricted by two considerations that will necessarily limit and direct our discussion upon the questions pre-

sented. The first of these considerations is that the only claim of illegality as to Schali's sentence set forth in the petition is that the minimum exceeds one year, and the other is that since the time when this sentence was pronounced, the law has been amended so as to obviate one of the legal incongruities with which we have to deal in the case at bar.

The crime whereof Schali stands convicted was committed on the 25th day of January, 1903. He was to be sentenced, therefore, under the law as it then stood. (People v. O'Neil, 109 N. Y. 251; 6 N. Y. Crim. 48.) At that time the Penal Code (Sec. 687a) provided that " A person never before convicted of a crime punishable by imprisonment in a State prison, who is convicted in any court in this State of a felony, the maximum penalty for which, exclusive of fines, is imprisonment for five years or less, and sentenced to a State prison, shall be sentenced thereto under an indeterminate sentence, the minimum of which shall not be less than one year. . . ." Counsel for the relator contends that the statutory direction, that in such a case the minimum of an indeterminate sentence " shall not be *less* than one year," is evidently a mistake, and that it was probably intended to read, " shall not be *more* than one year." In support of this contention the present case is cited as one of the absurd possibilities that may arise under a literal construction of the letter of the statute. The reports of the prison commission, containing pertinent recommendations to the legislature, are also referred to as showing that the legislature must have intended to say " more " instead of " less " in the statute under consideration. Then the various canons of statutory construction are invoked, and altogether the relator's counsel has built up an apparently strong argument. But the trouble with it is that it lacks foundation. What is there to rest it on? We fully agree with counsel as to the rules of statutory construction which he cites, and it is also obvious that the prison commissioners have made certain recom-

mendations. But behind and beneath all this there is the statute, framed in language too clear for construction, and retained after the attention of successive legislatures has been called to the subject. Speculations upon the possible reasons for the continuance of such a statute could be as numerous as they would be unprofitable, and so we leave the subject with the simple suggestion that it is not our province to decide that the legislature said " less " when it meant to say " more," where the context does not unmistakably point to that conclusion and to no other.

We now come to the question injected into this proceeding by the decision of the learned Appellate Division. In reinstating the writ and directing the resentence of Schali, that court held against the relator upon the contention that the sentence was invalid because its minimum exceeded one year; but it also decided that the minimum was too long because it exceeded the period to which the term would be reduced by the commutation that could be earned by the prisoner. This feature of the case, like the one first discussed, presents a wide field for academic writing, but recent radical changes in the law, as well as economy of time, suggest the wisdom of limiting our review, directly and briefly, to the point involved. When Schali's crime was committed the Commutation Law of 1886 (Chap. 21) was applicable to indeterminate sentences. Under that law a convict confined in a State prison or penitentiary for a term of at least one year, or a term the maximum of which is fixed by law, was given the right to earn a commutation of two months for the first year, two months for the second year, four months each for the third and fourth years, and five months for each subsequent year. As the maximum of Schali's term was four years and seven months, it was possible for him to earn a commutation of one year and two months, and this, if earned, would entitle him to his discharge seven months before the expiration of the minimum for which he was sentenced. Undoubtedly it was the effort to evolve a just result out of this

incongruous situation that led the learned Appellate Division into what we believe to be an untenable decision. It cannot be gainsaid that, under the law as it stood when Schali committed his crime, the Commutation Law was applicable to indeterminate sentences. It may also be admitted that the privilege of earning commutation was a substantial right of which Schali could not be deprived. But he was not entitled to commutation until he had earned it, and *non constat* he may never earn it. When he has earned it he will be entitled to his discharge. If that is then withheld by the prison authorities, an application therefor may properly be addressed to the courts.

As we have already intimated, this precise question cannot arise under the law as now amended. In the light of experience it is obvious that "commutation" is inherently and logically as inapplicable to indeterminate sentences as "parole" is to definite sentences. Many, if not all, of the difficulties resulting from the attempt to apply each of these privileges to both forms of punishment are now, however, interesting only as history and they may safely be relegated to the realm of things past without further comment.

We think the Special Term was right in quashing the writ and, therefore, the order of the Appellate Division should be reversed.

CULLEN, Ch. J., O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur; GRAY, J., absent.

Order reversed, etc.