-(103 App. Div. 126.)

## PEOPLE ex rel. SCHALI v. DEYO.

(Supreme Court, Appellate Division, Third Department.   March 8, 1905.)

:**1.** CRIMINAL LAW—INDETERMINATE SENTENCES—MINIMUM.

Under Pen. Code, § 687a, providing that on a conviction of one, never before convicted, of a crime, the maximum penalty of which does not exceed five years' imprisonment, the sentence shall be an indeterminate one, the minimum of which shall not be less than one year, the minimum is required merely not to exceed the maximum sentence, less the commutation which may be earned for that period.

:**2.** SAME—STATUTE GOVERNING SENTENCE.

The law governing a sentence is the one existing at the time of the commission of the crime.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, §§ 3276, 3278.]

Appeal from Special Term, Albany County.

Habeas corpus, on relation of Joseph Schali, against George Deyo, warden of Clinton Prison. From an order dismissing the writ and remanding one Frank Schali to the custody of defendant, relator appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Charles J. Herrick, for relator.

Julius M. Mayer, Atty. Gen., Charles O. Pratt, Deputy, and George Addington, Dist. Atty., for defendant.

HOUGHTON, J.   In the County Court of Albany county, on the 6th day of May, 1903, Frank Schali was convicted of the crime of assault in the second degree, committed in the January previous.   The crime is punishable, exclusive of fine, by imprisonment in a penitentiary or State Prison for a term not exceeding five years.   Pen. Code, § 221.   It was his first conviction, and it was the duty of the court to sentence him according to the provisions of section 687a of the Penal Code.   That section provides that, upon conviction of any person never before convicted of a crime, the maximum penalty of which, exclusive of fines, is imprisonment for five years or less, the sentence to a State Prison shall be an indeterminate one, the minimum of which shall not be less than one year, or, in case a minimum is fixed by law, not less than such minimum, and the maximum of which shall not be more than the longest period fixed by law for which the crime is punishable.   This section further provides that the maximum limit of such sentence shall be so fixed as to comply with the provisions of section 697 of the Penal Code, which requires that on all sentences to imprisonment in a State Prison or penitentiary, the court must limit the term of sentence so that it will expire between the 1st day of April and the 1st day of November; having reference to the probability of the convict earning a reduction of his term for good behavior, and assuming that such reduction will be earned, except in certain cases specified, within which the defendant did not come.   The defendant was sentenced to imprisonment in a State Prison for the term of not less than four years, and not to exceed four years and

seven months; and it is claimed that the sentence was illegal, in that the minimum term was too great, and greater than one year, to which it was restricted by law. It was to correct this sentence, and to have a proper one imposed, that the writ of habeas corpus was obtained. The learned Special Term decided that the sentence was proper, and remanded the prisoner.

By the provisions of chapter 21, p. 28, of the Laws of 1886, which were operative in January, 1903, when the crime for which the prisoner was afterwards convicted was committed, every convict confined in any State Prison or penitentiary in this state by sentence for one year or more, except for life, or as an alternative for nonpayment of a fine, might earn for himself by good behavior a commutation of two months each for the first and second years, and four months each for the third and fourth years, and five months for each succeeding year. And courts were compelled to fix the term of sentence on the assumption that the commutation would be earned, both in passing a definite sentence and in fixing the maximum of an indeterminate sentence. Pen. Code, §§ 697, 687a. This opportunity the prisoner had, even if his sentence was indeterminate, unless he was paroled, which it cannot be assumed would occur. The privilege of earning such commutation was a substantial right. People ex rel. Willis v. Sage, 11 App. Div. 4, 42 N. Y. Supp. 251. The commutation which the prisoner might earn on the maximum sentence imposed upon him in this case, if there was no parol, would be more than one year and two months. The difference between his maximum sentence and the minimum imposed upon him was only seven months. If no minimum sentence had been fixed, and he had earned his commutation, which it must be assumed he would, he would have been entitled to his release more than seven months prior to the expiration of his minimum term. By the fixing of his minimum sentence at four years, if he must serve that in full, he has been deprived of his liberty for seven months longer than he otherwise would be. He having the right to earn commutation upon his maximum sentence, and this right being a substantial one, of which he could not be deprived, we are of the opinion, as the law stood when the prisoner committed the crime for which he was convicted, that the minimum term for which he could be sentenced could be as great as, but could not be greater than, the maximum term, less full commutation for that period. To illustrate, if the maximum term was fixed at four years, the commutation which might be earned in that period would be one full year, and therefore the minimum sentence could not exceed three years. The sentence in the present case was therefore wrong, and the prisoner must be resentenced.

The relator insists that the scheme of the law is to restrict a minimum term, where indeterminate sentence is compelled, to one year only. To this we do not agree, as is apparent from the above rule which we have formulated. This rule does not apply, however, to crimes committed since the 6th day of April, 1903, when chapter 137, p. 315, of the Laws of 1903 went into effect. By that statute, section 1 of chapter 21 of the Laws of 1886 was amended by taking away the right of a convict to earn commutation for good behavior, sentenced under

an indeterminate sentence, and allowing it only in case the sentence was for a definite term. The right of parol took the place of the earning of commutation where the sentence was made indeterminate by fixing a minimum and a maximum period. Neither the maximum nor the minimum term fixed by an indeterminate sentence can now be cut down by commutation for good behavior. The fixing of the maximum and the minimum term is no longer governed by the rule relative to earning commutation, and the court pronouncing sentence may place the minimum term as near the maximum as the character of the crime and of the prisoner seems to warrant, and as it seems fit. Although the conviction of the prisoner in this case was had after this law went into effect, the crime for which he was convicted was committed prior thereto, and the law of his sentence is the law existing at the time of the commission of the crime. People ex rel. Adams v. Johnson, 44 Misc. Rep. 550, 90 N. Y. Supp. 134. Hence, the provisions of the amendment of 1903 had no effect upon the character of sentence to be pronounced.

In order that there may be no confusion in the criminal courts with respect to the rule which we have enunciated, we are careful to state that it does not apply except to indeterminate sentences pronounced upon crimes committed prior to April 6, 1903, when chapter 137 of the Laws of that year went into effect.

The order dismissing the writ must be reversed, and the writ reinstated, and the prisoner, Frank Schali, produced before the County Court of Albany county, there to be resentenced. All concur.