## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

April 4, 1924.

## THE PEOPLE v. FRANK PECHOTA.

(209 App. Div. 164.)

MURDER SECOND DEGREE—UNDER PENAL LAW, § 1048, SENTENCE MUST BE FROM TWENTY YEARS TO LIFE.

The provision of section 1048 of the Penal Law fixing as the punishment for the crime of murder in the second degree an indeterminate sentence, the minimum of which shall be twenty years and the maximum of which shall be the offender's natural life, is mandatory and exclusive, and a sentence ''for the term the minimum of which shall not be less than thirty years, and the maximum of which shall be the natural life'' of the defendant is illegal.

APPEAL by the defendant, Frank Pechota, from a judgment of the Supreme Court, rendered on the 28th day of April, 1922, convicting him of the crime of murder in the second degree upon his confession and plea of guilty, also from an order denying the defendant's motion to set aside the sentence and commitment, and also from an order denying his motion in arrest of judgment and to set aside the judgment.

*A. Parker Nevin* (*Ely Rosenberg* of counsel), for the appellant.

*Joab H. Banton*, District Attorney (*Robert D. Petty*, Deputy Assistant District Attorney, of counsel; *Felix C. Benvenga*, Assistant District Attorney, with him on the brief), for the respondent.

MARTIN, J.:

The defendant pleaded guilty to the crime of murder in the second degree, which plea, upon the recommendation of the

district attorney, was accepted by the court. He was then sentenced to " be imprisoned in the state prison, at hard labor for the term the minimum of which shall not be less than thrity years, and the maximum of which shall be the natural life of the said Frank Pechota."

The question presented on this appeal involves the construction of section 1048 of the Penal Law with reference to punishment for the crime of murder in the second degree. Section 1048 of the Penal Law provides as follows: "Punishment for murder in the second degree. Murder in the second degree is punishable by imprisonment under an indeterminate sentence, the minimum of which shall be twenty years and the maximum of which shall be for the offender's natural life; and any person serving a term of imprisonment for life, under an original sentence for murder in the second degree, on the first day of September, nineteen hundred and seven, shall be deemed to be thereafter serving under such an indeterminate sentence."

An indeterminate sentence is described in section 2189 as follows: "Indeterminate sentences to state prisons. A person never before convicted of a crime punishable by imprisonment in a state prison, who is convicted in any court in this state of a felony other than murder first or second degree, and sentenced to a state prison, shall be sentenced thereto under an indeterminate sentence, the minimum of which shall not be less than one year, or in case a minimum is fixed by law, not less than such minimum; otherwise, the minimum of such sentence shall not be more than one-half of the longest period and the maximum shall not be more than the longest period fixed by law for which the crime is punishable of which the offender is convicted."

It is contended by the appellant that the sentence for second degree murder is fixed by section 1048, which provides a minimum of twenty years and not more than life.

For many years judges have construed this act to mean that, when a defendant is convicted of or pleads guilty to murder in

the second degree, he must be incarcerated from twenty years to life. The trial judge in this case evidently construed it as giving him a discretion to say whether the sentence should be twenty years to life, or for a greater number of years to life. His belief must have been that he might order imprisonment of twenty years to life, or thirty or more years to life, according to the circumstances of the case.

We do not think this permissible by any construction to which the statute is susceptible. The language is mandatory. The statute does not say that the minimum shall be somewhere between twenty years and life. It says the minimum shall be twenty years. The court may not read into it another minimum.

The intent of this enactment is indicated by reference to the antecedent section 187 of the former Penal Code (as amd. by Laws of 1907, chap. 738) and its provision that all those serving a sentence for second degree murder at the time it went into effect on the 1st day of September, 1907, " shall be deemed to be thereafter serving under such an indeterminate sentence." This language means that every one who had been sentenced for second degree murder was, in effect, resentenced or his term of imprisonment commuted by this legislation to not less than twenty years and not more than life. Although the legislature provided that there should be an indeterminate sentence for the crime, it was provided what that indeterminate sentence should be, not less than twenty years nor more than life.

In the light of the construction which has been applied to penal statutes, the provision calling for a term of twenty years to life for such crime must be considered as intended to be mandatory and exclusive. Furthermore, it must be considered in the light of the powers conferred upon the Board of Parole for state prisons, which takes into consideration the conduct of the prisoner in determining the actual time he must remain in prison.

If the construction sought by the People be correct, one judge might sentence a man, who was convicted of or who pleaded guilty to murder in the second degree, to a term of from twenty years to life; another judge might sentence another offender to from thirty years to life; and still another judge might sentence him to from forty years to life. We do not believe any such construction can be given this statute even for an exceptional case warranting severe punishment.

The defendant should be resentenced in conformity with this opinion to state prison for twenty years to life.

DOWLING, SMITH, MERRELL and McAVOY, JJ., concur.

Defendant ordered to be resentenced to state prison for a term the minimum of which shall be not less than twenty years and the maximum of which shall be the natural life of the defendant. Settle order on notice.