In the Matter of the Application of Louis NASTI, Petitioner, for a Peremptory Order of Mandamus Directed to THOMAS DOWNS, as County Judge, Queens County, N. Y., Respondent.

Supreme Court, Special Term, Queens County, January 20, 1939.

*Louis Nasti*, petitioner in person.

*John H. W. Krogmann*, for the respondent.

*John J. Bennett, Jr., Attorney-General [Bernard L. Alderman, Assistant Attorney-General*, of counsel], intervening in support of the application.

HALLINAN, J.   This matter involves the question whether the petitioner should be resentenced to a definite term of years imprisonment instead of the indeterminate sentence which he is now serving. Possibly the proceeding is improper in form (Civ. Prac. Act, § 1285,

subd. 2), but no objection in that respect has been raised by any one, the parties having submitted the proposition on the merits, and the Attorney-General of the State of New York has intervened in the proceeding and taken a position in support of the petitioner, who appears herein in person. (See Civ. Prac. Act, § 111.)

Petitioner was on September 9, 1935, indicted on a charge of criminally receiving stolen property. The offense was committed on July 12, 1935. He was found guilty of that crime by a jury on March 18, 1936. On April 17, 1936, an information was filed, accusing him of being a second offender. He admitted this and was thereupon sentenced to an indeterminate term of twenty to forty years.

At the time that the crime was committed and petitioner found guilty thereof, the punishment therefor for first offenders, as provided in section 1308 of the Penal Law, was " not more than twenty years," and for second offenders, as provided in section 1941 of the Penal Law, " imprisonment for a term not less than the longest term, nor more than twice the longest term prescribed upon a first conviction."

Under these sections, therefore, the petitioner, as a second offender, could have received a flat term of any number of years between twenty and forty, depending upon the discretion of the sentencing judge.

However, section 1941 of the Penal Law was twice amended in 1936; first by chapter 70 of the Laws of 1936, effective March 6, 1936, which provided that a second offender should be sentenced to " an indeterminate term, the minimum of which shall be not less than the longest term prescribed upon a first conviction and the maximum of which shall be twice such term; " and second by chapter 328 of the Laws of 1936, effective April 9, 1936. The latter amendment re-enacted the previous one, but added two additional provisions, one of which (§ 9) is as follows: " This act shall take effect immediately and shall apply to all indictments or informations hereafter filed, whether the crimes or offenses alleged therein were committed before or after the effective date hereof."

The petitioner and the Attorney-General of the State of New York contend that he should have been sentenced under the old law, under which he would have received a definite or flat sentence.

The respondent contends that petitioner was properly sentenced under the new law, which provides for an indeterminate sentence; that to hold otherwise it would become necessary to declare unconstitutional that part of the statute effective April 9, 1936 (§ 9), by which it was applied to " all indictments or informations * * *, whether the crimes or offenses alleged therein were committed before or after the effective date hereof."

If said section 9 of chapter 328 of the Laws of 1936 is constitutional, the petitioner's indeterminate sentence is a proper one; if it is not, then petitioner's indeterminate sentence is improper and he should be resentenced to a flat term, as provided by the law in effect at the time the crime was committed.

Our Court of Appeals in *People ex rel. Pincus* v. *Adams* (274 N. Y. 447) held (at p. 457): " A statute which changes the punishment which may be imposed for a crime theretofore committed is *ex post facto* only if it prescribes or permits the imposition of a greater sentence."

Counsel for the respondent contends that section 1941, as amended, did not increase the punishment or penalty of the petitioner, and that " the sole effect of the amendment was to make discretionary what had theretofore been mandatory — and *this* with *no change* in the possible maximum punishment in any event. Consequently the sections are not *ex post facto* for they admit of no increased penalty."

It must be noted, however, that while under the old law petitioner could have been given forty years, he could also have been properly given twenty years or twenty-five years or any number of years between twenty and forty; but under the new law the maximum of the indeterminate sentence *must be forty years*. The sentencing judge may exercise his discretion in determining the minimum of such indeterminate term. He may make the minimum anywhere from twenty to forty years. But he has no discretion as to the maximum of the indeterminate sentence..

All of which means that the petitioner, even if paroled, would still be in the technical custody of the warden and under the control and jurisdiction of the Parole Board for the full forty years maximum period of his present sentence.

As was said by the late Mr. Justice McAvoy in *People ex rel. Roman* v. *Parole Commission* (116 Misc. 758; affd., 205 App. Div. 840): " The law permits that body [the Parole Commission] to retake conditionally released prisoners during the maximum term of sentence * * * and the determination thus made is not reviewable under the scheme of the law, else every recapture would lead to a trial of the issue. Did the prisoner violate the parole? The conditional parole is not a right, but a privilege in the discretion of the Commission, and its revocation and the proof on which that act is done is also within the regulatory power of that body. The paroled prisoner is *until discharged finally constructively in imaginative jail limits, which may be narrowed or widened as appears proper to the Commission during the maximum term of the sentence fixed by law.*" (Italics mine.)

It is, therefore, apparent that the application of the new indeterminate sentence law for second offenders, to crimes committed prior to its enactment, is *ex post facto* and in violation of section 10 of article 1 of the United States Constitution, since the effect thereof is to increase or make more onerous the "standard of punishment" which may be imposed. (*People ex rel. Horowitz* v. *Lawes*, 168 Misc. 772.)

As said by the United States Supreme Court in *Lindsey* v. *Washington* (301 U. S. 397):

"The *ex post facto* clause looks to the standard of punishment prescribed by a statute, rather than to the sentence actually imposed. The Constitution forbids the application of any new punitive measure to a crime already consummated, to the detriment or material disadvantage of the wrongdoer. [Citing cases.] It is for this reason that an increase in the possible penalty is *ex post facto* [citing cases] regardless of the length of the sentence actually imposed, since the measure of punishment prescribed by the later statute is more severe than that of the earlier. [Citing cases.]

"*Removal of the possibility of a sentence* * * * *at the end of which petitioners would be freed from further confinement and the tutelage of a parole revocable at will, operates to their detriment in the sense that the standard of punishment adopted by the new statute is more onerous than that of the old.*" (Italics mine.) (See, also, *People ex rel. Mirenda* v. *Brophy*, 256 App. Div. ——.)

The petitioner is accordingly entitled to the relief sought herein. Settle order on notice.