The People of the State of New York ex rel. Vincent Mummiani, Appellant, *v.* Lewis E. Lawes, Warden at Sing Sing Prison, Ossining, New York, Respondent.

Second Department, February 19, 1940.

*Vincent Mummiani,* appellant in person.

*Thomas H. McNamee, Assistant Attorney-General,* of counsel [*John J. Bennett, Jr., Attorney-General*], for the respondent.

Close, J. The appellant was indicted on the 27th day of March, 1931, for the crime of murder in the first degree. He was tried and convicted of that crime on the 11th day of June, 1931. This conviction was reversed and a new trial ordered. (*People* v. *Mummiani,* 258 N. Y. 394.) During the course of appellant's retrial in April of 1932, at the Court of General Sessions, New York County, his plea of guilty to the commission of the crime of murder in the second degree was accepted. On the 22d day of April, 1932, he was sentenced to an indeterminate term in the State prison of a minimum of thirty years and a maximum of his natural life. Of this minimum term, twenty-five years was for the crime to which he had pleaded guilty and five years additional pursuant to section 1944 of the Penal Law.

In our opinion the record, inclusive of the colloquy attached to the respondent's brief, does not disclose that the defendant, at the time of the commission of the crime to which he pleaded guilty, was so armed as to establish a basis for the imposition of the punishment prescribed by section 1944 of the Penal Law. At the time the sentence was imposed he was interrogated by the court as to the reason for shooting the deceased, and his answer was to the effect that he had not yet admitted the shooting. The commission of the crime of murder in the second degree does not necessarily involve the use of a weapon of the type specified in section 1944 of the Penal Law. The defendant denied, or at least did not admit, that he was armed at the time. That fact should have been established by proof, in the absence of such an admission. (*People* v. *Caruso*, 249 N. Y. 302, 306; *People* v. *Krennen*, 264 id. 108.) The matter may be remitted, however, for determination of the issue and for resentence. (*People ex rel. Lorraine* v. *Lawes*, 275 N. Y. 620.)

There is no merit in the further contention incidentally raised by the appellant to the effect that the court was without power to impose a longer minimum term than twenty years. Section 1048 of the Penal Law, as amended by chapter 32 of the Laws of 1928, effective as of the 1st day of July, 1928, reads:

" Punishment for murder in the second degree. Murder in the second degree is punishable by imprisonment under an indeterminate sentence, the minimum of which shall be not less than twenty years and the maximum of which shall be for the offender's natural life; and any person serving a term of imprisonment for life, under an original sentence for murder in the second degree, on the first day of September, nineteen hundred and seven, shall be deemed to be thereafter serving under such an indeterminate sentence."

This language is clear and unambiguous and it is not required that an offender must be sentenced in its language to a term of not less than twenty years nor more than life. The insertion of the phrase " not less than," by the amendment referred to, was intended to give the court discretion to impose a longer term than twenty years where the circumstances warranted it.

In *People ex rel. Schali* v. *Deyo* (181 N. Y. 425) a similar question was under consideration. There the relator had pleaded guilty to the crime of assault in the second degree. The punishment for this offense was imprisonment in State prison for a term not exceeding five years. However, pursuant to section 687-a of the Penal Code, as amended by chapter 282 of the Laws of 1902 (now section 2189 of the Penal Law), it was provided: " A person never

before convicted of a crime punishable by imprisonment in the State prison, who is convicted in any court in this State of a felony, the maximum penalty for which, exclusive of fines, is imprisonment for five years or less, and sentenced to a State prison, shall be sentenced thereto under an indeterminate sentence, the minimum of which shall not be less than one year, or in case a minimum is fixed by law, not less than such minimum, and the maximum of which shall not be more than the longest period fixed by law for which the crime is punishable of which the offender is convicted."

The sentence imposed by the court was for a term not less than four years nor more than four years and seven months. In discussing the question involved here, *i. e.*, that "not less than" means the minimum sentence, the court, speaking through WERNER, J., said (at p. 429): "Counsel for the relator contends that the statutory direction, that in such a case the minimum of an indeterminate sentence 'shall not be *less* than one year,' is evidently a mistake, and that it was probably intended to read, 'shall not be *more* than one year.' In support of this contention the present case is cited as one of the absurd possibilities that may arise under a literal construction of the letter of the statute. The reports of the prison commission, containing pertinent recommendations to the Legislature, are also referred to as showing that the Legislature must have intended to say 'more' instead of 'less' in the statute under consideration. Then the various canons of statutory construction are invoked, and altogether the relator's counsel has built up an apparently strong argument. But the trouble with it is that it lacks foundation. What is there to rest it on? We fully agree with counsel as to the rules of statutory construction which he cites, and it is also obvious that the prison commissioners have made certain recommendations. But behind and beneath all this there is the statute, framed in language too clear for construction, and retained after the attention of successive Legislatures has been called to the subject. Speculations upon the possible reasons for the continuance of such a statute could be as numerous as they would be unprofitable, and so we leave the subject with the simple suggestion that it is not our province to decide that the Legislature said 'less' when it meant to say 'more,' where the context does not unmistakably point to that conclusion and to no other."

So here we are asked to say that the Legislature by saying "not less than twenty years" means not more than twenty years or exactly twenty years. This would result in a distortion of plain unambiguous language. (See, also, *People ex rel. Mason* v. *Brophy*, 235 App. Div. 432.)

*People* v. *Pechota* (209 App. Div. 164; affd., without opinion, 240 N. Y. 574) is not in conflict with the conclusion reached. That case was decided before section 1048 of the Penal Law was amended by chapter 32 of the Laws of 1928. It is reasonable to assume that the purpose of the amendment was to give to the court the discretion it had mistakenly attempted to exercise in the *Pechota* case.

The order dismissing the writ should be reversed on the law and the facts, the writ sustained and the matter remitted to the Court of General Sessions of the County of New York for determination, upon a proper record, of whether the relator was armed within the meaning of section 1944 of the Penal Law at the time of the commission of the felony in question, and relator remanded for resentence in accordance with such determination.

LAZANSKY, P. J., and CARSWELL, J., concur; HAGARTY, J., in opinion, concurs for reversal of the order, to sustain the writ and to remit the matter to the Court of General Sessions of the County of New York for determination, upon a proper record, of whether relator was armed within the meaning of section 1944 of the Penal Law at the time of the commission of the felony for which he was punished, and for resentence; but dissents from so much of the determination as limits the remission of the matter to determination of the legality of imposition of a term of imprisonment for five years, pursuant to section 1944 of the Penal Law, and votes to remit for the additional purpose of correcting the sentence imposed, pursuant to section 1048 of the Penal Law, from twenty-five to twenty years. TAYLOR, J., concurs with HAGARTY, J.

HAGARTY, J. (dissenting). I dissent from so much of the determination as limits remission of the matter to determination of the legality of imposition of a term of imprisonment for five years, pursuant to section 1944 of the Penal Law, and vote to remit for the additional purpose of correction of sentence imposed, pursuant to section 1048 of the Penal Law, from twenty-five to twenty years.

Section 1048 of the Penal Law, as amended by chapter 32 of the Laws of 1928, and effective as of the 1st day of July, 1928, reads:

" Punishment for murder in the second degree. Murder in the second degree is punishable by imprisonment under an indeterminate sentence, the minimum of which shall be *not less than* twenty years and the maximum of which shall be for the offender's natural life; and any person serving a term of imprisonment for life, under an original sentence for murder in the second degree, on the first

day of September, nineteen hundred and seven, shall be deemed to be thereafter serving under such an indeterminate sentence." (Emphasis mine.)

This section was derived from section 187 of the Penal Code (Laws of 1881, chap. 676), which provided that "Murder in the second degree is punishable by imprisonment for the offender's natural life." In 1907 this section was amended to read as it does in its present form (Laws of 1907, chap. 738), save for the above emphasized phrase "not less than," which was added by the amendment of 1928. When, in 1907, the Legislature reduced the term of imprisonment from life to an indeterminate sentence, it undertook to do so not only prospectively but also with respect to those offenders who were then imprisoned for life. Obviously, in effecting such a general commutation, the Legislature intended that it conform to a fixed standard. That standard was stated to be the "indeterminate sentence," provided in the amendment of 1907 as punishment to be thereafter imposed. It followed, then, that this sentence itself was a fixed one, to be imposed in the language of the statute. The 1907 amendment was considered and construed in *People* v. *Pechota* (209 App. Div. 164; affd., without opinion, 240 N. Y. 574) to the effect that a sentencing judge had no power to impose a minimum other than twenty years. In that case it was held that the provision calling for a term of from twenty years to life must be considered as intended to be mandatory and exclusive, and MARTIN, J., writing for the court, states (at p. 166): "Although the Legislature provided that there should be an indeterminate sentence for the crime, it was provided what that indeterminate sentence should be, not less than twenty years nor more than life."

The commutation provision remains in the statute as amended in 1928. The amendment does no more than conform the wording of the statute to the interpretation placed upon it by the *Pechota* case (*supra*), namely, that the minimum sentence be fixed at "not less than" twenty years. Had the Legislature intended to differentiate between the commutation provision and sentences prospectively to be imposed, it would have so provided in the amendment of 1928. In the absence of such differentiation, we must read the amendment in the light of its plain language and intent.

Authority such as *People ex rel. Schali* v. *Deyo* (181 N. Y. 425) and *People ex rel. Mason* v. *Brophy* (235 App. Div. 432) consider section 687-a of the Penal Code and its successor statute, section 2189 of the Penal Law, generally in dealing with the imposition of indeterminate sentences. These statutes bear no relationship to the question at hand and are not analogous. Section 687-a

of the Penal Code (Laws of 1901, chap. 425), dealt with crimes the maximum punishment for which was five years or less, and successive amendments thereof expressly excluded punishment for murder from its province (Laws of 1902, chap. 282; Laws of 1906, chap. 36; Laws of 1907, chap. 737, as, thereafter, did section 2189 of the Penal Law (Laws of 1909, chaps. 88 and 282, and as thereafter amended). Construction of these statutes was not affected by what I believe to be the dominant element in construing section 1048 of the Penal Law, namely, a tying in of the indeterminate scope of the sentence with a general commutation provision calling for a fixed term.

My conclusion is that the sentence as set forth in the statute is fixed and exclusive and that an offender must be sentenced in its language to a term of not less than twenty years nor more than life. It was error, therefore, to increase the fixed minimum to a period of twenty-five years. This error may also be corrected upon the remission and resentencing. (*People ex rel. Miresi* v. *Murphy*, 253 App. Div. 441.)

The order dismissing the writ should be reversed, the writ sustained, and matter remitted to the Court of General Sessions of the County of New York for resentencing of relator in accordance with law, and for determination, upon a proper record, whether relator was armed within the meaning of section 1944 of the Penal Law at the time of the commission of the felony in question.

TAYLOR, J., concurs.

Order dismissing the writ of habeas corpus reversed on the law and the facts, writ sustained, and the matter remitted to the Court of General Sessions of the County of New York for determination, upon a proper record, of whether relator was armed within the meaning of section 1944 of the Penal Law at the time of the commission of the felony for which he was punished; and relator remanded for resentence in accordance with such determination.