■ In the Matter of the GRAND JURY OF THE COUNTY OF KINGS FOR JUNE, 1955, Duly Held Over Pursuant to Order. NATHAN E. GOLWYN, Appellant; THE PEOPLE OF THE STATE OF NEW YORK, Respondent.— Appeal from an order (designated in the notice of appeal as a judgment) of the County Court, Kings County, adjudging appellant, a witness called before the Kings County Grand Jury, guilty of a criminal contempt of court, for refusing to answer proper interrogatories, and sentencing him to imprisonment and payment of a fine. Order affirmed, without costs. The record amply supports the determination by the County Court that the answers given by appellant before the Grand Jury were so evasive and so obviously untruthful that they amounted to a willful refusal to answer. (Cf. *Matter of Finkel* v. *McCook,* 247 App. Div. 57, affd. 271 N. Y. 636; *Matter of Kamell,* 170 Misc. 868, affd. 258 App. Div. 723; *Matter of Grand Jury of County of Kings* [*Reardon*], 278 App. Div. 206.) Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.

■ In the Matter of THOMAS J. McHUGH, as Commissioner of the Department of Correction of the State of New York, Appellant, against GEORGE J. JOYCE, as County Judge of the County of Kings, Respondent.— Appeal from an order denying an application to compel respondent to correct an allegedly illegal sentence of one Miguel A. Walker by resentencing him in conformity with section 1048 of the Penal Law. Order reversed, without costs, application granted and matter remitted to the County Court of Kings County for resentence. On Walker's plea of guilty to murder in the second degree, the sentencing court, with every good intention, of course, imposed a sentence of not less than 20 nor more than 22 years in a State prison. Section 1048 of the Penal Law, prior to its amendment by chapter 32 of the Laws of 1928, required the imposition of a mandatory sentence of 20 years to life (*People* v. *Pechota,* 209 App. Div. 164). By that amendment the wording of the provision for the minimum sentence was changed to " not less than twenty years ", but the wording of the provision for the maximum sentence was left unchanged. The sentencing court was thereby given the power to increase the minimum sentence when the circumstances seemed to warrant it, but the maximum sentence remained mandatory (*People ex rel. Mummiani* v. *Lawes,* 258 App. Div. 643; *People ex rel. Mummiani* v. *Jackson,* 295 N. Y. 914; *People ex rel. Pellicer* v. *Jackson,* 271 App. Div. 766; *People* v. *Gagnier,* 254 App. Div. 716; *People ex rel. Miresi* v. *Murphy,* 253 App. Div. 441, motion for leave to appeal denied 278 N. Y. 741; *Matter of Nasti* v. *Downs,* 169 Misc. 989). Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.