William E. J. CorrrroB, J.
Twenty-one years ago the defendant was indicted by the Grand Jury of the County of Columbia for the crime of murder in the second degree. Thereafter a jury in this county convicted him of that charge and the then County Judge of this County sentenced him to Clinton Prison at Dannemora, New York to not less than 55 years and the maximum of his natural life. Apparently, he has been since that time confined to Clinton Prison at Dannemora, New York.
This is an application in the form of a writ of error coram nobis in which the defendant seeks an order directing his return to the Columbia County jail and for a hearing before this court_ and a resentencing, and for such other and further relief as justice requires.
The facts set forth in the petition are very meager. The court is not informed as to how the murder was committed, who was murdered, whether it was a vicious crime, or whether it was one committed in the heat of passion. Nothing is set forth as to the background of the defendant before his conviction, except that it does appear that he was a young man without any previous criminal conviction. Nor is the court informed as to whether or not an appeal from the judgment and sentencing was taken to the Appellate Division or to the Court of Appeals.
The District Attorney of the county has resisted the application, contending that the relief requested should be directed to the Governor for executive clemency and that the relief herein sought is not one that may be obtained through a writ of error coram nobis.
No one seems to know the full limits of the relief that may be obtained through a writ of error coram nobis. It has been described as the last resort of a convicted person who has no other avenue of relief from a miscarriage of justice. Without passing upon whether or not the sentence imposed was too severe, nor the correctness of the application through a writ of error coram nobis, a sentence of 55 years to life is so severe that it may well have been, if the facts so reveal, an abuse of discretion. The modern judicial thought in dealing with criminals, especially young defendants with no previous criminal record, is to give them at least some opportunity for parole and eventual rehabilitation. The very fact that the Legislature in prescribing the punishment for murder in the second *580 dégree prescribes an indeterminate sentence is an indication that upon good behavior in prison a prisoner may have some hope of legally being released from behind prison walls. The sentence of 55 years to life, to all practical purposes, based upon the normal expectancy of life, forecloses any such hope.
I therefore direct that the prisoner be returned to the Columbia County jail for a hearing upon his petition for a writ of error coram nobis to be heard during the May Term of the County Court, and I assign Mr. Abram Miner, who was the defendant’s attorney 21 years ago, to represent him and to prepare the necessary order for his transfer from Dannemora Prison to the Columbia County jail.