■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PERCY GILMORE, Respondent.— Upon conviction in 1938 for murder in the second degree, defendant was sentenced by the County Court of Columbia County to 55 years to life. In 1959, 21 years later, the County Court in a *coram nobis* proceeding vacated the 1938 sentence and resentenced defendant to 25 years to life. The People appeal. We assume that the County Court retains jurisdiction to correct an unlawful sentence imposed by it in a direct proceeding addressed to the sentence. It is clear, however, that the 1938 sentence was not unlawful. The statute then provided an "indeterminate sentence" of a minimum of 20 years and a maximum of life (Penal Law, § 1048). We would agree that if the minimum were so long as to be impossible the sentence would not be indeterminate. Defendant was then 29 years old. His life expectancy by actuarial tables was 35.15 years; but such tables deal with averages, and it was possible that defendant's life might exceed the minimum of 55 years. It seems settled that the court had the power to impose the sentence complained of. (*People ex rel. Mummiani* v. *Lawes*, 258 App. Div. 643; *People ex rel. Schali* v. *Deyo*, 181 N. Y. 425; *People ex rel. Pellicer* v. *Jackson*, 271 App. Div. 766.) In *People* v. *San Antonio* (277 App. Div. 1136), which was a direct appeal from the judgment of conviction bringing up among other things the excessiveness of the sentence, the trial court had sentenced appellant to 40 years to life for murder, second degree to begin after a sentence on another crime of 10 to 30 years, so that in the form imposed, the minimum for murder could not be completed in less than 50 years. The validity of the sentence was sustained on appeal; and the court was of opinion, as well, that the sentence was not excessive. No direct appeal from the judgment of conviction was taken to this court in the case now before us. On such an appeal we could have dealt with excessiveness of sentence. We are limited now to examining the legal power of the court in 1938 to impose the sentence; and cannot reach, or deal with, the question of excessiveness. We are of opinion on the record before us that a minimum of 55 years would, on a direct appeal have been regarded as excessive; but the question is one for which an application for executive clemency now seems the remedy. Order reversed on the law and the facts and application denied. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur. [16 Misc 2d 578.]