THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES BLAKE, Defendant.

County Court, Broome County, February 16, 1967.

*James Blake,* defendant in person. *Stephen Smyk, District Attorney (Herbert A. Kline* of counsel), for plaintiff.

JOHN M. KEANE, J. This is a motion for a resentence.

During November, 1936, defendant was indicted on a charge of robbery in the first degree as a second felony offender for a crime committed on August 21, 1935. During his trial, he changed his plea from not guilty to one of guilty to the indictment. On December 7, 1936, he was sentenced by the Honorable THOMAS A. MACCLARY, Broome County Judge, to serve not less than 30 years nor more than 60 years and to serve an additional sentence of not less than 5 years nor more than 10 years for being armed, making a total indeterminate sentence of from 35 to 70 years.

On or about October 16, 1951, defendant submitted a petition and proposed order to show cause to the Broome County Court to set aside his sentence on the ground that it was an illegal sentence. Subsequently, upon the request of the defendant, this petition was discontinued without prejudice to renew the application in the future upon any ground that he might wish.

On or about March 9, 1953, defendant filed a petition for a writ of *coram nobis* on the ground that his prior conviction in the State of Oregon did not constitute a felony in the State of New York within the meaning of section 1941 of the Penal Law.

A few months later, on June 26, 1953, defendant sought a writ of habeas corpus in Wyoming County, alleging among other things that he should have received a definite rather than an indeterminate sentence. The Honorable John S. Conable, Wyoming County Judge, by decision made on August 18, 1953, and the order entered therein on September 2, 1953, sustained defendant's writ and remanded him to the Broome County Court for resentence.

On October 29, 1953, the Honorable Robert O. Brink, Broome County Judge, resentenced the defendant to a term of 30 years on the charge of robbery in the first degree, second offense, and an additional 5 years for being armed at the time, both sentences to run concurrently. At the same time, the order permitted defendant to withdraw his petition for a writ of *coram nobis*.

The principal contention of the defendant relates to an interpretation of section 1941 of the Penal Law as it existed at the time of his crime and at the time of his original sentence in 1936. Prior to April 9, 1936 [L. 1926, ch. 457], section 1941 of the Penal Law read: "If the subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction."

Chapter 328 of the Laws of 1936 amended section 1941 of the Penal Law to read: "If the second or third felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for an indeterminate term the minimum of which shall be not less than the longest term prescribed upon a first conviction and the maximum of which shall be twice such term."

Section 9 of chapter 328 provides: " This act shall take effect immediately and shall apply to all indictments or informations hereafter filed, whether the crimes or offenses alleged therein were committed before or after the effective date hereof."

In 1953 the defendant was successful in setting aside his original sentence made under section 1941 of the Penal Law as it existed on December 7, 1936. Therefore, he was sentenced to the present definite term under the provisions of section 1941 as existed prior to the amendment. A similar situation existed in *Matter of Nasti* v. *Downs* (169 Misc. 989 [1939]). Briefly, it was the position of the court in that case that the language of section 1941, as amended in 1936 (L. 1936, chs. 70, 328), provided a greater possible punishment for a crime than existed prior to its enactment. To that extent the law was ex post facto. A person convicted of a crime was entitled to be sentenced under the law as it existed at the time of the commission of the crime rather than under the law as it was amended in 1936. Therefore, the person was entitled to a definite sentence rather than an indeterminate sentence.

In his memorandum sustaining the writ of habeas corpus, Judge CONABLE cites this case. Although there is no memorandum attached to the order made by Judge BRINK on resentence in 1953, it would appear certain that reliance was had upon this case. Subsequent research by the court has revealed no instance where the rationale of this case has been questioned or set aside.

The thrust of defendant's principal argument is novel. He succeeded in 1953 in his contention that section 1941 of the Penal Law as amended on April 9, 1936 did not apply to his sentence. However, he does not ignore the amendment completely. He asserts that section 9, as quoted above, repeals all prior acts relating to sentencing. Therefore, he claims he cannot legally be sentenced under section 1941 as it existed prior to April 9, 1936.

Pursuing his logic one step further, he argues that he must be sentenced under section 1935 of the Penal Law which provides a 7-year sentence for a felony if none is specifically set forth. Finally, he contends that his sentence should be no less than 7 years nor more than 14 years with credit for time already served.

Novel as it is, defendant's argument cannot prevail. If section 1941 of the Penal Law as amended does not apply, then the act in existence before the amendment would govern (General Construction Law, § 93). By its terms the legislation in 1936 *amended* section 1941. It did not *repeal* it.

Finally, the crime of robbery in the first degree has a specific punishment, imprisonment for a minimum of 10 years and a maximum of 30 years. (Penal Law, § 2125.)

The precise question of the proper sentence having been before this court in 1953, the question is *res judicata*. The motion for resentence is denied without a hearing.