# SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

## March 9, 1917.

# THE PEOPLE ex rel. EMMA BERGER v. WARDEN.

### (176 App. Div. 602.)

(1). DISORDERLY CONDUCT—PUBLIC PROSTITUTION—CONSTITUTIONAL LAW—
PAROLE COMMISSION ACT PROVIDING FOR INCREASED INDETERMINATE
SENTENCE WHERE OFFENSE IS REPEATED IS NOT CONSTITUTIONAL.

Section 4 of chapter 579 of the Laws of 1915 (known as the Parole
Commission Act), as amended by chapter 287 of the Laws of 1916, is
not unconstitutional in denying due process of law because it allows
an increased punishment for an indeterminate period where it appears
from the finger-print records that the defendant has been previously
convicted of public prostitution, or other specified disorderly conduct,
two or more times during the preceding twenty-four months, etc.
This, because said statute in terms provides that the defendant shall
have due notice and opportunity to be heard in opposition to the
accusation of prior convictions.

(2). SAME.

Said statute is not unconstitutional because it does not define with
precision the manner and method of giving the defendant notice and
an opportunity to be heard, for due process of law under the Consti-
tution is a matter of substance, not of form, and does not require the
adoption of a particular form of proceeding so long as the accused
has had a sufficient notice of the accusation and an adequate oppor-
tunity to be heard in his own defense.

(3). SAME.

A statute will not be declared unconstitutional because a judicial
officer has acted in defiance of it, and the remedy for such denial of
statutory rights is by appeal and not by an attack upon the statute
itself.

(3). SAME.

The statute aforesaid is not *ex post facto* and thus unconstitutional
because the increased term of imprisonment is imposed upon conviction
for a repetition of an earlier offense committed when the statute was

not in force. This, because the punishment is not imposed upon the earlier offense, but upon the subsequent repetition of such offense after the enactment of the statute.

The constitutionality of statutes providing for indeterminate sentences is no longer open to question in this State.

APPEAL by the relator, Emma Berger, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of January, 1917, dismissing a writ of habeas corpus and remanding the relator to custody.

*J. G. Lazarus,* for the appellant.

*Robert S. Johnstone (John G. Dyer* with him on the brief), for the respondent.

*Terence Farley (Arthur L. Goodhart* with him on the brief), for the corporation counsel, as *amicus curiœ.*

SCOTT, J.:

The relator was convicted by a city magistrate on September 14, 1916, upon her plea of guilty, of the offense of disorderly conduct, to wit, of soliciting for the purpose of prostitution. The magistrate ordered her finger prints to be taken, and it thereby appeared that she had previously been convicted three times of the same offense, two of said convictions having been had within twenty-four months. The magistrate informed her of what appeared to be shown by the finger print record, and postponed her sentence for two days in order to give her an opportunity to be heard upon the question and to controvert the apparent fact. She made no attempt to do this, but on the contrary frankly admitted that she had been previously convicted as appeared from the finger print record. She was thereupon sentenced to be confined in the workhouse for an indeterminate period not to exceed two years.

No question is raised as to the jurisdiction of the city magistrate to entertain the charge against the relator, or as to the regularity of the proceedings before him, or as to the sufficiency of the proof to sustain the conviction. The attack is upon the validity of the statute under which the indeterminate sentence of confinement for a term not exceeding two years was imposed. That act is section 4 of chapter 579 of the Laws of 1915 (known as the Parole Commission Act), as amended by chapter 287 of the Laws of 1916. So far as pertinent to the question involved in this appeal the section referred to reads as follows: " The term of imprisonment of any person sentenced to any such workhouse shall be fixed by the court in imposing sentence, which term shall be for a definite period and shall not exceed six months; provided, however, that no person convicted in any of said cities of vagrancy, disorderly conduct tending to a breach of the peace, public prostitution, soliciting on streets or public places for the purpose of prostitution, or the violation of section one hundred and fifty of chapter ninety-nine of the laws of nineteen hundred and nine, as amended,* shall be sentenced to any such work house for a definite term until the finger print records of the city magistrates' courts of said city are officially searched with reference to the particular defendant and the results thereof duly certified to the court; and provided, further, that if it shall appear to the court at any stage of the proceeding prior to the imposition of sentence *and after due notice and opportunity to the defendant to be heard in opposition to such accusation of prior convictions* that any person convicted of any or each of these offenses last enumerated has been convicted of any or each of these offenses two or more times during the twenty-four months just previous, or three or more times previous to that conviction, then the court shall sentence such

---

* See Tenement House Law (Consol. Laws, chap. 61; Laws of 1909, chap. 99), § 150, as amd. by Laws of 1915, chap. 286.—[REP.

offender to a workhouse of the said department of correction in said city for an indeterminate period. The term of imprisonment of any person convicted and sentenced to any such workhouse for an indeterminate period shall not exceed two years and shall be terminated by the parole commission in the manner prescribed in section five of this act and not otherwise."

The objections raised by the relator are: (1) That the act does not accord due process of law to a person accused, and (2) that the provision for an increased sentence to one found to be an habitual criminal, the four offenses having been committed prior to the enactment of the present statute, is *ex post facto*.

We regard both of these objections as untenable. They have been completely and satisfactorily answered by Judge NOTT of the Court of General Sessions (People v. Dean, 94 Misc. Rep. 502), and by Mr. Justice PHILBIN (Matter of Morris, N. Y. L. J., Dec. 28, 1916, not yet officially reported). We should be content to rest our decision of this appeal upon these cases, but for the fact that Judge DELEHANTY, also of the Court of General Sessions, has strongly expressed a contrary view in an unreported opinion. In view of this difference of opinion in the courts of first instance, it seems proper that the questions involved should be considered *de novo* by an appellate court.

The first question, as to the due process of law accorded to the accused, is to be considered in this proceeding only with regard to the requirements and provisions of the statute, and not with reference to the conduct of the proceeding by the magistrate. If there was error in the proceeding the relator's remedy would be by appeal.

The statute as quoted provides specifically that the inquiry and determination as to whether a convicted person has been previously convicted shall be " after due notice and opportunity to the defendant to be heard in opposition to such accusation of prior convictions," these words having been added to the

section by the amendment of 1916. The relator criticises this amendment as being merely a paraphrase of the Constitution, and, therefore, adding nothing to the law as it formerly stood. The contention appears to be that the statute should define with precision the manner and method of affording a convicted person notice and an opportunity to be heard. This contention is unsound. It is doubtless true, as held by Judge NOTT in a case arising before the amendment of 1916, that even without the words inserted by that amendment, the statute would not be unconstitutional because the right to due notice and an opportunity to defend must be read into every statute providing for a criminal prosecution. (People v. Dean, *supra*.) In that sense, perhaps, the amendment may be said to add nothing vital to the statute. But it is not open to the charge of insufficiency from a constitutional standpoint because it does not define with precision just how the notice is to be given and the opportunity to be heard afforded. On the contrary, it has been frequently held by the Supreme Court of the United States, the final authority on questions of constitutional law, that the " due process of law " guaranteed by the Constitution is a matter of substance, not of form, and does not require the State to adopt a particular form of procedure so long as the accused has had a sufficient notice of the accusation and an adequate opportunity to be heard in his own defense. (U. S. Const. 14th Amendt., § 1; State Const., art. 1, § 6; Simon v. Craft, 182 U. S. 427; Rogers v. Peck, 199 id. 425; Louisville & Nashville R. R. Co. v. Schmidt, 177 -id. 230; Holmes v. Conway, 241 id. 624; Frank v. Mangum, 237 id. 326.) It is said that the constitutionality of an act of the Legislature is to be determined, not by what has been done under it, but by what may be done under it. (Stuart v. Palmer, 74 N. Y. 183.) This test is an accurate one provided it be limited to what may be rightfully done under the provisions of the statute, but does not extend to that which is wrongfully done in violation of the statute. (Montana

Company v. St. Louis Mining, etc., Co., 152 U. S. 170.)    If, for instance, the statute under which the relator was sentenced had provided that the two-year indeterminate sentence might be inflicted if the magistrate believed from information received by him in the absence of the accused and without an opportunity to her to be heard upon the subject, that she was an habitual offender, the statute would be unconstitutional as violating the due process of law clause of the Constitution.    But the statute under review does nothing of the sort.    It expressly provides that the accused shall have due notice and an opportunity to be heard.    If the accused be denied this it is because the magistrate has acted, not under the statute, but in defiance of it, and the fault will lie with the magistrate and not with the statute. In such a case the remedy would be by appeal.    People ex rel. Barone v. Fox (144 App. Div. 611, 202 N. Y. 616) and Matter of Kenny (23 Misc. Rep. 9; affd., *sub nom.* People ex rel. Kenny v. Creamer, 30 App. Div. 624) will illustrate the distinction we have attempted to make.    In both of these cases the term of commitment to be inflicted in certain contingencies was to be determined by an extrajudicial inquiry to be conducted in the one case by a physician and in the other by the superintendent of the workhouse.    In neither case was there provided a judicial inquiry into the grounds for the increased term of confinement, nor a notice or opportunity to be heard to the person to be confined.    It is evidence that these cases afford no argument against the constitutional validity of the act now under consideration.    In the present case the fact of the relator's previous conviction was not found upon the evidence of her finger prints.    She was informed that the appearance of the prints indicated that she had been formerly convicted and was given time and opportunity to be heard.    The evidence of her former convictions was furnished by her own admissions.    It is unnecessary and would be irrelevant to consider what evidence

on the point would have been sufficient if she had denied that she had been previously convicted.

The contention that the statute is *ex post facto* is based upon a misconception of its scope. The increased term of imprisonment imposed upon conviction of a repeated offense is not so imposed for the earlier offenses, but for the repeated one. As was recently said by the Supreme Court of the United States: " The propriety of inflicting severe punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted." (Graham v. West Virginia, 224 U. S. 616, 623; People v. Sickles, 156 N. Y. 541; People ex rel. Cosgriff v. Craig, 195 id. 190.) And for this reason it is immaterial that when the prior convictions were had the statute providing increased punishment for old offenders had not yet been enacted. (People v. Dean, *supra;* McDonald v. Massachusetts, 180 U. S. 311.) No other question is raised by the appeal which requires extended discussion. The validity of indeterminate sentences when properly safeguarded against violations of the Constitution is so thoroughly established in this State as to be no longer open to question. (People v. Adams, 176 N. Y. 351.)

The order appealed from is affirmed.

CLARKE, P. J., SMITH, PAGE and DAVIS, JJ., concurred.

Order affirmed.