THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH TEMPLE, Respondent, Appellant, *v.* JOSEPH H. BROPHY, as Warden of Auburn State Prison, Auburn, New York.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, Respondent.

Fourth Department, September 23, 1936.

*John J. Bennett, Jr., Attorney-General [Edward T. Boyle, Assistant Attorney-General, of counsel], for the People.*

*Joseph Temple,* in person, for the relator.

EDGCOMB, J.  The relator, who had been convicted of two previous felonies, was found guilty of the crime of robbery, third degree, in the Court of General Sessions of the County of New York and on April 24, 1933, was sentenced to State's prison for a definite term of ten years, and to an additional indeterminate term of from five to ten years for being armed with a pistol at the time of the commission of the robbery.  After serving two years, two months and eleven days of his sentence, the relator was brought before the Court of General Sessions on July 3, 1935, and resentenced for a definite period of twelve years, nine months and nineteen days, five years of which were added because of the mandate contained in section 1944 of the Penal Law.  Allowance was made for the time already served, so that the term of imprisonment, figured from the original date of incarceration, would be fifteen years.

Claiming that this latter sentence, under which he was then serving, was improper, and that he was being illegally detained, relator obtained a writ of habeas corpus to inquire into the cause of his restraint.  Upon the return of the writ an order was made vacating the sentence imposed on July 3, 1935, and remanding the relator to the custody of the warden of Auburn Prison to serve out the remainder of the sentence imposed by the court on April 24, 1933. Both the People and the relator appeal.

The purpose of a writ of habeas corpus is to determine the right of the custodian to hold the petitioner in custody; it is not available as a revisionary remedy for the correction of errors of law or fact. (*People ex rel. Weick* v. *Warden of City Prison*, 117 App. Div. 154; affd. on opinion of INGRAHAM, J., 188 N. Y. 549; *People ex rel. Price* v. *Hayes*, 151 App. Div. 561; *People ex rel. Friedman* v. *Hayes*, 172 id. 442.)

Section 1254 of the Civil Practice Act forbids a court or judge, upon the return of a writ of habeas corpus, to inquire into the legality or justice of any mandate, judgment, decree or final order of a competent tribunal of civil or criminal jurisdiction.

The court, therefore, had no authority in this proceeding to vacate the second sentence, and reinstate the former one.  If the second judgment was incorrect, the error must be cured in the court which issued the process, or on appeal, and not by the Special Term on the return of a writ of habeas corpus.  The court before whom a prisoner is brought, by virtue of such writ, must either discharge the prisoner, or remand him for custody.  (Civ. Prac. Act, §§ 1251, 1252.)

The order appealed from is erroneous for another reason.  The sentence imposed on July 3, 1935, is correct.  It was the first sentence which was irregular.  Section 1941 of the Penal Law, as it

stood at the time of the commission of the robbery, provided for a definite term for the second offense of a felony. While section 1944 of the Penal Law fails to prescribe whether the additional punishment provided for shall be fixed or indeterminate, we have reached the conclusion that, in the case of a second or third offender, it should be a determinate rather than an indeterminate one.

Being armed with a gun in the commission of a crime does not constitute a separate and distinct offense; it is an aggravation of the principal crime involved. The sentence required to be imposed under such circumstances is not another sentence; it is not a judgment pronounced for the use of the gun, but a punishment which increases the penalty for the felony committed. (*People* v. *Paradiso*, 248 N. Y. 123, 126.) That being so, it follows that the additional sentence required by section 1944 of the Penal Law should be definite, inasmuch as the sentence for the crime itself was, at the time of its commission, a fixed and determinate one.

In *People* v. *Procito* (261 N. Y. 376) it was held that under section 1944 of the Penal Law an indeterminate sentence of imprisonment imposed upon a defendant convicted of a felony as a first offender might be increased by an additional indeterminate sentence of not less than five nor more than ten years when he was armed with a pistol at the time of the commission of the crime. (See, also, *People* v. *Jarvis*, 267 N. Y. 532.) The converse of this proposition would seem to imply that where a definite term must be imposed, a determinate rather than an indeterminate sentence must be added when the defendant was armed at the time he committed the offense of which he was found guilty.

For the reasons above stated the order appealed from should be modified on the law and as modified affirmed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Order modified on the law in accordance with the opinion and as modified affirmed, without costs.