## (March 20, 1940.)

The People of the State of New York ex rel. Jerome White, Respondent, v. The Department of Correction and The Board of Parole of the State of New York, Appellants.

All concur. Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

The following is the opinion of the Special Term:

Smith (E. N.), J. On the 20th day of August, 1929, the petitioner was sentenced by the Court of General Sessions of the County of New York as a first offender, after conviction of having committed the crime of robbery in the first degree while armed. The sentence was for a term, " the minimum of which shall be not less than twenty years and the maximum of which shall not be more than thirty years; not less than five years nor more than ten years of said term being imposed by the Court as increased punishment as provided by section 1944 of the Penal Law."

Under that sentence the petitioner is now being detained at Auburn State Prison. There is here no dispute as to facts. The petitioner claims that he is eligible to parole; the respondents deny that eligibility on the ground that the additional sentence under section 1944 of the Penal Law is not to be considered in the application of section 1945 to this case. Section 1945 was added by chapter 902 of the Laws of 1935 and reads as follows: " Every prisoner, whether male or female, received into a State Prison, prior to March eighteenth, nineteen hundred thirty-two, upon a sentence, on a conviction of burglary in the first degree or attempt to commit such a burglary or robbery in the first degree or attempt to commit such a robbery, as a first offender, may be released on parole on said sentence, pursuant to article eight of the Correction Law, at any time after he or she shall have served ten years of the term for which he or she was sentenced, with the same force and effect as though his or her sentence had been for an indeterminate term the minimum of which was ten years."

It is the law of this State that the additional sentence to be imposed when a felony crime is committed by one while armed is not on account of a separate offense, but that the fact of being armed constitutes an aggravation of the offense and forms the basis for the additional sentence as provided for in said section 1944. There is only one crime, and, therefore, one sentence. (*People ex rel. Temple* v. *Brophy*, 248 App. Div. 442; affd., 273 N. Y. 487.)

In the case of *People* v. *Procito* (261 N. Y. 376) the language of the Court of Appeals is of interest:

" Defendant committed the felony of robbery; he carried a weapon while committing that crime. All agree that, as a first offender, he is entitled to the clemency bestowed upon every first offender by section 2189 of the Penal Law and that the punishment imposed upon him by an indeterminate sentence for the felony of robbery is authorized. Whether section 1944 intends the imposition of a fixed or an indeterminate number of years as the additional punishment for a first offender is the issue before us.

" The Legislature has not expressly directed that the increased punishment shall be indeterminate. The inference that the legislative purpose was to add a fixed number of years to the maximum and the minimum of a sentence unspecified in length would not be unreasonable. Yet, when consideration is given to the fact that one who never previously had been convicted of a felony is intended to be favored by an indeterminate sentence, the inference that the purpose was to continue the extension of the favor and to assimilate the nature of the increased punishment with the punishment for the principal crime is probably more firmly grounded in reason. At least in those instances where the sentence must be indeterminate, did not the Legislature intend that the duration of the increased punishment also should be unspecified? Although construction of the statutes applicable to the state of facts presented by this record has been variable in the trial courts, the prevailing practice seems to incline toward the interpretation given to them in the case at bar. It was adopted also by the trial judge in *People* v. *Caruso* (249 N. Y. 302, 304), and is warranted by the language of section 1944. Although the exact point was not necessarily before us in the *Caruso* case, because it was not expressly raised, our actual decision of affirmance and our opinion, in which the increased indeterminate punishment is mentioned without adverse comment, lends support to the custom."

Section 1944 of the Penal Law in no wise altered the nature or definition of a felony; nor did it change the character of the punishment from indeterminate to determinate, or *vice versa*. It had only two effects: (1) to authorize the increase of the sentence for committing a felony while armed by five to ten years; and (2) under section 2188 it enjoined the court from suspending sentence in case of conviction of a felony committed while armed. In its essence it provided for an increased penalty, and nothing more.

It necessarily follows that, under section 1945, *supra*, the petitioner, having served ten years of the term for which he was sentenced, can be released on parole on said sentence, pursuant to article 8 of the Correction Law, with the same force and effect as though his sentence had been for an indeterminate term the minimum of which was ten years.

The prayer of the petitioner should, therefore, be granted.

Ordered accordingly.

Dated at Watertown, New York, July 18, 1938.