THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HOWARD VAN ORDEN, Defendant.

County Court, Kings County, May 11, 1940.

*William O'Dwyer, District Attorney,* for the plaintiff.

*Moe Levy,* for the defendant.

TAYLOR, J. The defendant was indicted for murder in the first degree, in that he " shot and killed Samuel Guthert with a revolver." He pled guilty to murder in the second degree, thereby admitting all of the essential ingredients of the charge, except that of deliberation and premeditation.

The defendant, at the time of the sentence, received an additional penalty of five to ten years for being armed with a revolver at the time of the crime. It does not appear that he made any protest against this, and no appeal was taken.

Eleven years have since elapsed. The sentencing judge is dead. The defendant now moves to strike out the additional term for gun upon the ground that there was no hearing on that point. An examination of the record is unrevealing.

The court holds that this motion should be denied for the following reasons:

1. That no hearing on gun charge is necessary because that feature of the indictment was admitted by the plea. This being a one-man crime, identity of the user of the gun is fixed. No hearing for that purpose is required, as in a case of accomplices, where the identity of the one who did the actual shooting would have to be independently established.

2. That even if a hearing on gun charge was the defendant's right, it was waived by acceptance, without protest, of the additional penalty.

There seems to be a misunderstanding as to the law as laid down by previous decisions on the point. It has never been boldly held that a hearing is necessary in all cases, but only in those cases where the record is blind on the point. In *People* v. *Caruso* (249 N. Y. 302) the opinion is revealing as to when and why a hearing may be necessary in order to have an adequate record. It says (p. 306): " Where a plea has been taken the fact that the prisoner was armed *may not so clearly appear* or may be denied. The judge should *then* conduct an inquiry," etc. (Italics supplied.) Conversely, if the record clearly shows that a revolver was used, such as by admission of the indictment allegation under inference inherent in the plea, no hearing is necessary. *People* v. *Krennen* (264 N. Y. 108) is distinguishable for the reason that robbery in the third degree is not done with a revolver. Therefore, when that defendant pled guilty to that degree he impliedly denied, rather than admitted, the allegation of revolver. *People ex rel. Romano* v. *Brophy* (280 N. Y. 181) presents the same situation. That defendant pled guilty to the crime of assault in the second degree and the indictment was blind on the question of having a gun at the time of the commission of the crime. In the case at bar, however, where the nature of the plea clearly embraces an admission of shooting, and rejects the indictment only as to the essential ingredient of murder in the first degree, to wit, premeditation and deliberation, a special inquiry or hearing on the question of gun would be procedural surplusage.

The motion is denied.