THE PEOPLE OF THE STATE OF NEW YORK ex rel. WARD HAGER, Appellant, v. WILLIAM HUNT, Warden of Attica State Prison, Attica, New York, Respondent. — Order modified, without costs, and matter remitted to the County Court of Erie County and relator remanded for resentence in accordance with the following memorandum: The sentence of February 23, 1937, of one and one-half years to seven and one-half years, plus not less than five nor more than ten years for being armed, is all one sentence. (*People ex rel. Temple* v. *Brophy*, 248 App. Div. 442, 444; affd., 273 N. Y. 487.) It was intended to be treated as a whole, not as a sentence consisting of two parts. Therefore, it amounted to a single sentence of six and a half to seventeen and one-half years. Taking the sentence apart, the last part thereof was illegal (*People ex rel. Romano* v. *Brophy*, 280 N. Y. 181), and, since the sentencing court said that the first part was suspended, the relator claims the right to be discharged from custody, on the theory that, for purposes of confinement, none of the sentence is left. A later attempt by the court to correct its error resulted in a sentence of one year to one year and one month, not suspended, there being no showing that defendant was armed. Since each of these sentences was an entirety, a single sentence, and since they were illegal in part they were wholly illegal. The relator has never been legally sentenced. Therefore, he should be remanded to the County Court of Erie County for resentence. Against such sentence as may be imposed credit can be given for time already served. All concur, Dowling, J., in the following memorandum: The part of the sentence of

one and one-half years to seven and one-half years was valid but the suspension thereof was illegal. (*People ex rel. Temple* v. *Brophy*, 248 App. Div. 442; affd., 273 N. Y. 487.) The part of the sentence of five years to ten years because the relator was armed with a dangerous weapon, there being no admission by the relator of that fact and no proof that he was so armed, was illegal. (*People* v. *Caruso*, 249 N. Y. 302; *People* v. *Krennen*, 264 id. 108.) The matter should be remitted to the County Court to determine upon a proper record whether relator was armed within the meaning of section 1944 of the Penal Law and the relator should be remanded for resentence. (*People ex rel. Lorraine* v. *Lawes*, 275 N. Y. 620.) Harris, J., not voting. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.