The People of the State of New York, Respondent, *v.* George Sandoval, Appellant.

First Department, June 18, 1941.

*George Sandoval,* appellant, *pro se.*

*Harris B. Steinberg* of counsel [*Thomas E. Dewey, District Attorney*], for the respondent.

Callahan, J. Appeal by defendant from a judgment of the Court of General Sessions convicting him of robbery in the second degree on his plea of guilty, and sentencing him to the term of not less than three years and six months, and not more than ten years in State prison, with additional imprisonment of not less than five years nor more than ten years because appellant was armed with a pistol at the time of the commission of the crime.

Appellant and four others were indicted on May 3, 1932, charged with the crime of robbery in the first degree. On May 12, 1932, appellant pleaded guilty, as did his codefendants, to robbery in the second degree. On May 28, 1932, the judge before whom the plea had been entered sentenced the appellant to State prison for an indeterminate term of not less than three and one-half, nor more than ten years, and to an additional term of from five

to ten years pursuant to the provisions of section 1944 of the Penal Law because he was armed at the time of the commission of the crime.

The indictment for robbery in the first degree charged that the defendant was armed with a pistol during the commission of the crime, but robbery in the second degree, to which defendant pleaded guilty, did not necessarily involve use of a firearm. (Penal Law, § 2126.)

The only record made at the time of sentence in 1932 was the following passage contained in the minutes of the court in imposing sentence: " and it appearing that each of the above defendants was armed with a pistol while in the act of committing the crime whereof he is convicted." Apparently no proof was taken at that time to establish the fact that defendant was armed.

On October 23, 1940, defendant sued out a writ of habeas corpus in the County Court of Wyoming County claiming that the additional sentence of five to ten years was illegal. The County Court dismissed the writ, but remanded defendant to the Court of General Sessions for further proceedings, so as to determine whether the defendant was armed when he committed the robbery, and to correct the sentence accordingly. No appeal was taken by the defendant from that order.

One of the codefendants sentenced with appellant obtained a writ of habeas corpus in Clinton county, which was dismissed. Upon appeal, however (*People ex rel. Schoen* v. *Murphy*, 243 App. Div. 216), the Appellate Division in the Third Department reversed the order dismissing the writ and remanded the relator to Clinton County Court for proof concerning the claim that he had been granted a parole on his sentence of three and one-half to ten years, and, if such parole had been granted, directing his discharge. We need not determine whether the disposition made by the Wyoming County Court on the writ of habeas corpus in this case was correct on the record before it. Nor need we determine whether we would discharge the appellant in the present case if the record before us was the same as that which was presented to the Third Department in the case of the codefendant, Schoen. We are not reviewing the proceedings taken on the writ of habeas corpus, but those had before the Court of General Sessions after a retrial of the issue in connection with sentence. We now have additional proof taken pursuant to the provisions of the remand to establish that the defendant was armed during the commission of the crime for which he was convicted in 1932. At the hearing in the Court of General Sessions on January 9, 1941, the minutes of which are contained in the present record,

police officers testified that while no pistol was found on the defendant's person, defendant had admitted that a pistol found in a room where he then resided was his pistol, and that the weapon had been used by him in the commission of the crime for which he was indicted. The only question presented to us is whether the inquiry conducted by the Court of General Sessions on January 9, 1941, proceeded legally. At that hearing defendant, who was represented by counsel, asked permission to question the police officers as to whether the alleged confession of the defendant concerning ownership and use of the pistol was made voluntarily or under duress. The defendant also asked permission to testify in his own behalf. The judge who was conducting the hearing ruled that the issue of coercion could not be raised because it had not been tendered in 1932, and that defendant might not be heard as a witness in his own behalf concerning the alleged possession of the pistol.

We deem that those rulings were erroneous, and that the hearing was not conducted according to law. No inquiry concerning the possession of the pistol had been conducted in 1932. Accordingly defendant had no opportunity prior to the present inquiry to be heard on the issue of such possession.

The procedure to be followed in imposing an additional sentence under section 1944 of the Penal Law is set forth in *People* v. *Caruso* (249 N. Y. 302) where the Court of Appeals said (p. 306): "Of course, before a court can impose the additional sentence under section 1944, it must have before it on the record facts to sustain such action. There must be a record made which can be reviewed. If the case has been tried out the facts no doubt will appear upon which the jury find the verdict of guilt. Where a plea has been taken the fact that the prisoner was armed may not so clearly appear or may be denied. The judge should then conduct an inquiry and take testimony, if necessary." (See, also, *People* v. *Krennen*, 264 N. Y. 108.)

Such a record may be established without a jury trial. (*People* v. *Caruso, supra.*) The statute does not prescribe any single method to be followed in order that the court may be satisfied as to whether a pistol was in the possession of the defendant at the time the crime was committed. Undoubtedly the court could act on admissions of the defendant in open court (*People ex rel. Berger* v. *Warden of Workhouse*, 176 App. Div. 602, 607), or by concession of defendant's counsel (*People* v. *Kevlon*, 221 App. Div. 224). We have no doubt, however, that when possession is disputed and an inquiry is required to be held which involved taking the testimony of witnesses, only legal evidence may be received to establish the disputed facts. Nor have we any doubt that, if due process

of law is to be maintained, the defendant is entitled to be heard in his own behalf on such contested issue. We are further of the view that if possession of the pistol is to be established on such an inquiry by a confession, the court should permit the defendant to inquire as to whether the confession was voluntary or one that was proscribed by section 395 of the Code of Criminal Procedure. That section provides that a confession may be received in evidence unless it appears that it was made under the influence of fear produced by threats. Because the defendant was not permitted to inquire into the matters referred to, we hold that the judgment in the present case must be reversed.

Having reversed the judgment we are required to determine whether the defendant should be discharged or a new hearing ordered. An appellate court may order a new trial if necessary or proper. (Code Crim. Proc. § 543.) When the errors upon which an appellate court reverses the judgment are errors in connection with the receipt of evidence, ordinarily a new trial is proper. The additional sentence to be imposed under section 1944 of the Penal Law is a provision relating merely to the extent of the punishment for the commission of a crime. Such a term is not added because a second crime is claimed to have been committed, nor does it add a second sentence for the guilt of a single crime. It merely requires an increase in the extent of a single sentence for a single offense. (*People ex rel. Hager* v. *Hunt*, 261 App. Div. 1046.) Each of the sentences heretofore imposed on the appellant was illegal. Appellant, therefore, has never been legally sentenced. We have before us, however, proof that the indictment afforded a basis for the charge of possession of a pistol, and some evidence that the defendant was so armed at the time the crime for which he pleaded guilty was committed. Accordingly a new hearing and proceedings to resentence the defendant appear proper.

The decisions of the appellate courts may not seem entirely uniform on the question as to whether, in a case where no proof has been taken on the issue of possession of a firearm, a defendant who appeals successfully must be discharged, because the absence of a record makes the additional sentence illegal, or whether a new trial should be ordered, so that the error in sentence may be corrected. We think that the cases may be reconciled to establish the rule that unless it clearly appears that there is no basis for the charge of possession of the pistol, or that the sentencing court acted without jurisdiction, a rehearing should be had.

Our attention has been called to two decisions of the Court of Appeals in the cases of *People ex rel. Lorraine* v. *Lawes* (275 N. Y. 620) and *People ex rel. Romano* v. *Brophy* (280 id. 181).

In the *Lorraine* case (*supra*), which was an appeal in habeas corpus proceedings, it appeared that no inquiry had been made by the sentencing court as to whether the defendant was armed, but, nevertheless, an additional sentence under section 1944 of the Penal Law was imposed. In that case the indictment charged robbery in the first degree while armed with a pistol. Defendant had pleaded guilty to the indictment. No formal proof was taken to show possession of the pistol, and no record had been made which could be reviewed. In reversing the order dismissing the writ of habeas corpus the Court of Appeals remanded the relator for resentence.

In the *Romano* case (*supra*), which also involved habeas corpus proceedings, the crime charged in the indictment was assault in the second degree. There was nothing in the indictment to show that possession of a firearm was involved. Defendant pleaded guilty to assault in the second degree. Without having any hearing or making any record on the issue of possession of the pistol, the trial court added to the sentence an additional term under section 1944 of the Penal Law, merely noting on the back of the indictment that possession of the pistol had been established. The Court of Appeals said that there was no basis in the indictment for a charge of possession of a pistol, and that there had been neither notice of the charge to the defendant, nor had he an opportunity to be heard thereon. Accordingly it ordered the defendant discharged. The court indicated on a motion to amend the remittitur (280 N. Y. 707) that it intended to declare that only the increased sentence was illegal.

In the present case and on the present record, there was not only a charge in the indictment involving possession of a pistol, but there was a hearing conducted at which some evidence to establish such possession was received. We are now holding that this hearing was not a complete or proper one. We believe that under these circumstances the sentence should be vacated and a new hearing ordered to correct the errors and to resentence appellant. Any sentence to be imposed upon such rehearing will be *nunc pro tunc,* and will give credit to the appellant for the time already served.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Sentence unanimously vacated and a new hearing ordered to correct the errors and to resentence appellant. Any sentence to be imposed upon such rehearing will be *nunc pro tunc,* and will give credit to the appellant for the time already served. Settle order on notice.