THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOWARD VAN ORDEN, Relator, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent.

County Court, Wyoming County, December 23, 1943.

*Howard Van Orden,* relator in person.

*Nathaniel L. Goldstein, Attorney-General (Emil L. Cohen, Assistant Attorney-General* of counsel), for respondent.

CONABLE, J. This relator was indicted by a Grand Jury of the County of Kings for first degree murder. The indictment charged that the murder was committed as follows: " The defendant on September 20, 1928, in the County of Kings, wilfully, feloniously and of malice aforethought, shot and killed Samuel Guthert with a revolver, said death occurring on September 21, 1928." Upon this indictment on March 5, 1929, he pleaded guilty to murder in the second degree and was sentenced March 15, 1929, for a term of from twenty years to life to which an additional term of from five to ten years was added pursuant to section 1944 of the Penal Law. Evidently no reviewable record as to his having been armed, other than that contained in the indictment and plea of guilty, was made. On April 24, 1940, the relator moved, in the Kings County Court, to have the sentence vacated as illegal. The motion came on before Honorable FRANKLIN TAYLOR, County Judge, who at first held, in effect, that no other record than the indictment and plea of guilty was necessary under the circumstances. *(People* v. *Van Orden,* 174 Misc. 65.) Thereafter on January 17, 1941, a reargument of the motion was granted. Upon the reargument the County Judge took evidence and made a record from which he was satisfied that the relator was armed. The Judge evidently adhered to his former opinion that no such hearing was necessary. *(People* v. *Warden of City Prison,* 27 N. Y. S. 2d 35.) He made the following statement in the minutes: " The Court does not set aside the original imposition of 5 to 10 yrs. The Court holds that this defendant, at the time of the commission of the crime, was armed with a loaded revolver, as provided by statute, and that the additional sentence for the revolver, as provided by the Penal Law, Sect. 1944, is legal and proper. But in order to avoid any technical questioning of Judge McLaughlin's sentence in this regard the Court hereby confirms it by the imposition now of the additional term of not less than 5 and more than 10 years, under Sect. 1944, for having been armed with a revolver at the time of the commission of this crime. This defendant is remanded." There also appears indorsed upon the indictment: " Hearing under Sec. 1944 P. L. upon the evidence the Court imposes the additional Sentence of 5 to 10 heretofore imposed. Remanded. Feb. 6/41. TAYLOR, J." It is probable

that the reargument and subsequent action of the Kings County Court was taken with regard to the case of *People ex rel. Mummiani* v. *Lawes* (258 App. Div. 643). In that case it was held by the second department that an additional hearing was necessary upon a plea of guilty to second degree murder under an indictment charging a premeditated homicide by shooting. The holding was there made in spite of the fact that, as appears by the record, Mummiani had once been tried, his confession to the shooting had been proven and he had been convicted of murder in the first degree and the conviction reversed. (*People* v. *Mummiani*, 258 N. Y. 394.) A new trial had been started before the sentencing judge. During the progress of it a juror was withdrawn and the plea to second degree murder was accepted. The relator there did not produce the minutes of the second trial. The holding in this case would seem contrary to that of the fourth department in the case of *People ex rel. Frankel* v. *Brophy* (255 App. Div. 822, 'appeal dismissed 279 N. Y. 705). In the *Mummiani* case (*supra*) motion to dismiss an appeal to the Court of Appeals was " denied on the ground no appeal is pending " (284 N. Y. 596).

This relator had a previous writ of habeas corpus before Mr. Justice STEINBRINK in which he sought to raise the questions he raises here. That writ was dismissed (*People* v. *Warden of City Prison,* 27 N. Y. S. 2d 35), the Justice holding that in habeas corpus the court was without power to inquire into the legality of either the first or second sentence. If the sentence is merely erroneous and not void, there would seem to be considerable reason for Mr. Justice STEINBRINK's holding were it not for the provisions of sections 1255 and 1256 of the Civil Practice Act. However this may be, the legality of sentences under section 1944 of the Penal Law has been passed upon in many habeas corpus proceedings by appellate courts.

If we assume that a hearing as to whether this relator was armed should have been had at the time of the original sentence by Judge McLAUGHLIN, then the serious question remains as to whether the sentence pronounced was void so that it amounted to no sentence at all, or whether it was merely erroneous so that it could be patched up and made into a valid sentence. If the sentence was wholly void, then there was nothing to patch up, and when Judge TAYLOR reaffirmed merely the increased portion of it, it remained no sentence at all; it was only a record of something ineffective which could be vacated, or remaining of record should be disregarded.

Were it an open question, it would seem to me that a sentence beyond its powers attempted by a court should be regarded as void and not merely erroneous. (See *People ex rel. Friedman* v. *Hayes,* 172 App. Div. 442; *Matter of Cropsey* v. *Tiernan,* 172 App. Div. 435; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559, 591.) The case of *People ex rel. Hager* v. *Hunt* (261 App. Div. 1046) seems to face in the same direction.

If this view were to prevail, the relator should be sent back to the Kings County Court so that that court could proceed *de novo* and pronounce an entirely new sentence within its power.

Upon the authority of certain recent decisions of the Court of Appeals it seems necessary to hold that the original sentence of the Kings County Court was not void but at the most was only erroneous and therefore susceptible of correction. (*People ex rel. Kerrigan* v. *Martin,* 291 N. Y. 513, motion for reargument denied 291 N. Y. 662.) In this case the sentence was clearly beyond the power of the court, yet it was *corrected, nunc pro tunc,* as of the date of its original imposition.

In the case of *Matter of Moore* v. *Thorn* (245 App. Div. 185) the original sentence imposed was also beyond the power of the court. It was held, Justices SEARS and TAYLOR dissenting, that the sentence was not void but merely erroneous. The decision was affirmed (270 N. Y. 502). (See, also, *People ex rel. Romano* v. *Brophy,* 280 N. Y. 181, remittitur amended 280 N. Y. 707. Applied in *People ex rel. Hager* v. *Hunt,* 261 App. Div. 1046, *supra;* and in *People* v. *Sandoval,* 262 App. Div. 288.)

If the sentence originally imposed upon this relator was correct and no additional hearing was necessary, then it was not invalidated by the subsequent action of Judge TAYLOR on January 17, 1941.

If the sentence was not void but merely erroneous and therefore capable of correction, then it was corrected by the proceedings of January 17, 1941. The invalidity or weakness of the sentence lay in that no reviewable record of relator's having been armed was made. This was supplied, and the court clothed with the power to amend the sentence in the particular where it lacked validity, proceeded to do so by reimposing that part of it.

The relator raises the additional point that the hearing to determine whether he was armed could not properly be held so long a time after his plea of guilty. It does not seem to me that there is any merit in this contention. The sentence could be

imposed, or if erroneous corrected, at any time during the period for which he might have been sentenced. In several cases such as the *Mummiani case* (258 App. Div. 643) and the *Sandoval* case (262 App. Div. 288), cited above, sentences were corrected many years after conviction.

Upon the authority cited above, I am of the opinion that an order should be entered dismissing the writ and remanding the relator to the custody of the warden.