DELFINA PUCCI, as Administratrix of the Estate of CESARE PUCCI, Deceased, and DELFINA PUCCI, Appellant, v. INTERSTATE MAGAZINE HAULING CORPORATION, Respondent, et al., Defendants. (Action No. 1.) — Appeal from an order entered in three consolidated actions arising out of an automobile collision between a car in which the plaintiff and her deceased husband were passengers, and a truck owned by defendant Interstate Magazine Hauling Corporation, insofar as it sets aside, as against the weight of evidence, a verdict obtained by the plaintiff individually and as administratrix in Action No. 1, and directs a new trial as to the defendant Interstate Magazine Hauling Corporation. Order, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Adel, Lewis and Aldrich, JJ.; Carswell, J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE TRUPIANO, Appellant.— The indictment in this case contained five counts, charging the appellant with the crime of robbery in the first degree while armed; with the crime of grand larceny in the first degree; two charges of attempted assault in the first degree, and in the fifth count he was originally charged with violating section 1897 of the Penal Law. The People's case was tried upon the theory that the indictment had been amended so that the fifth count charged the violation of section 1944 of the Penal Law. He was found guilty upon all five counts. The court sentenced him, as a second offender, upon the first count to a term of not less than fifteen nor more than thirty years, and upon the fifth count, of violation of section 1944 of the Penal Law, to an additional term of not less than ten nor more than fifteen years, the terms to run consecutively, and suspended sentence on the remaining counts. This fifth count may be ignored. In its original form it was not submitted to the jury. In its amended form it may be treated as surplusage. Section 1944 does not charge a separate crime but pertains only to the punishment to be inflicted. (*People ex rel. Fiannaca* v. *Hunt,* 257 App. Div. 910; *People* v. *Sandoval,* 262 App. Div. 288, 291.) The judgment of the County Court of Richmond County is accordingly modified on the law, pursuant to subdivision 1 of section 543 of the Code of Criminal Procedure, by sentencing the defendant to be confined in State prison at Sing Sing on the conviction of the crime of robbery in the first degree, while armed, to a term of not less than fifteen years nor more than thirty years, and to an additional term, pursuant to section 1944 of the Penal Law, of not less than ten years nor more than fifteen years. As so modified, the judgment is unanimously affirmed. In his summation the District Attorney used language in which, in substance, he told the jury that he would not prosecute the defendant unless he believed him to be guilty, and made other comments from which the jury might infer that defendant was a fugitive between the time of his indictment and the time of his arrest. These remarks were prejudicial and uncalled for. In a case where the guilt of a defendant was not so palpable as in this case, they might require reversal, despite the efforts of the trial court, as in this case, to protect the interests of the defendant. But, under the facts herein we do not believe that such conduct justifies reversal. (Code Crim. Pro. § 542.) Orders denying motions to set aside the verdict and for a new trial on the ground of newly discovered evidence unanimously affirmed. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.