Edward G. Baker, J.
Proceeding by way of writ of habeas corpus.
On May 22, 1953, relator was served with a police summons based upon the charge of operating a motor vehicle on the Belt Parkway, a public highway in the borough of Brooklyn, in violation of the provisions of subdivision 1 of section 11 of the Vehicle and Traffic Law. On the same date, complaint charging said violation was sworn to by the police officer who served the summons, and filed in the Traffic Court of the Borough of Brooklyn.
Relator failed to appear or answer on the return date of the summons.
On March 15, 1957, a warrant of arrest, substantially in the form provided by section 151 of the Code of Criminal Procedure, was issued by Honorable Larry M. Vetarho, a City Magistrate, directing that relator be arrested and forthwith brought before *1052 the Magistrate presiding at the Chief Magistrate’s Term of the City Magistrates’ Court at 100 Centre Street in the borough of Manhattan, " to answer said charge and to be dealt with according to law ’ ’. On the reverse side of this warrant were listed 22 other traffic offenses, some of which were misdemeanors, upon which, allegedly, relator had failed to appear or answer in response to summonses in each instance duly served upon him. Upon relator’s arrest pursuant to the command of the warrant, this writ was obtained.
Relator challenges the validity of the warrant upon the grounds: (1) that City Magistrate Yetrano was without power or authority to issue it, and (2) that the direction that relator be brought before the Magistrate presiding in the Chief Magistrate’s Term in the borough of Manhattan was violative of the provisions of sections 100 and 106 of the New York City Criminal Courts Act.
The evidence shows, although the warrant recites otherwise, that the complaint or information in this matter was never " laid before ” the City Magistrate who presided at the Brooklyn Traffic Court on May 22, 1953, the return date of the summons. On that day, the relator failed to appear. In accordance with the procedure then and now followed, the information was filed and was not presented to the presiding Magistrate. He was not then apprised of the default. Thus, it is clear that the Magistrate then presiding took no action whatever with respect to this information, and made no determination upon the question whether there was reasonable cause for the issuance of a warrant. Relator’s contention that the issuance by Magistrate Vetrano of the warrant here challenged was, in effect, an unauthorized review of the exercise of judicial discretion by another Magistrate is without merit.
The evidence shows that the complaint or information was before Magistrate Vetrano when the warrant was issued. He had jurisdiction to issue it (Code Crim. Pro., § 151). There is nothing in the code or in the New York City Criminal Courts Act requiring that a warrant be issued immediately upon a defendant’s default in appearing in response to a traffic summons, or that it be issued by the Magistrate presiding on the return date thereof. (See N. Y. City Crim. Cts. Act, § 116, subd. g.)
However, section 100 of the New York City Criminal Courts Act specifically provides that ‘' all summonses must be made returnable in and all arraignments, examinations, hearings, trials or determinations held in the borough where the offense or infraction was committed;” and section 106 of the act pro *1053 vides, inter alia, that if the offense was not committed within the territorial jurisdiction of the court to which a prisoner is brought for arraignment, the Magistrate “ shall refuse to proceed with the hearing and shall forthwith order that the prisoner be arraigned at the city magistrate’s court which has territorial jurisdiction of the offense with which the prisoner is charged, and shall mahe written report of all the circumstances of such unlawful arraignment to the chief city magistrate without delay.” (Emphasis supplied.)
It seems clear that the Magistrate had no power or jurisdiction to direct that relator be brought for arraignment on an offense committed in the borough of Brooklyn to a term of the Magistrates’ Court held in the borough of Manhattan. (See, also, N. Y. City Crim. Cts. Act, § 32.)
For the reasons stated, the warrant is invalid and its invalidity is not cured by the fact that relator, if brought before the Magistrate presiding at Chief Magistrate’s Term, would have been advised in accordance with the practice there followed, of his right to a trial in the borough where the offense was committed.
The writ is sustained.