Appeal from an order sustaining a writ of habeas corpus and discharging respondent from *1006 custody under a warrant for bis arrest. Order reversed on the law, without costs, and writ dismissed, without costs. The findings of fact implicit in the order are affirmed. Respondent was served with a summons returnable on June 1, 1953, for operating, in the Borough of Brooklyn, an unregistered motor vehicle (Vehicle and Traffic Law, § 11, subd. 1). He failed to appear in answer thereto, and a warrant for his arrest was issued on July 15, 1957, directing that he be brought before the Magistrate presiding at the Chief Magistrate’s Term, 100 Centre Street, Borough of Manhattan, to answer the charge made against him. He surrendered to the officer to whom the warrant had been delivered for execution, and promptly obtained a writ of habeas corpus. By the order appealed from he has been released from custody on the ground that the Magistrate who issued the warrant had no power or jurisdiction to direct that respondent be brought for arraignment for an offense, committed in the borough of Brooklyn, to a term of the Magistrates’ Court held in the borough of Manhattan. In our opinion it was error to sustain the writ on the ground stated. The territorial jurisdiction of the Special City Magistrates’ Court held by the Chief City Magistrate is coterminous with the city, and the court may be held at such times and places as the Chief City Magistrate shall determine. Although in each case all summonses must be made returnable in, and all arraignments, examinations, hearings, trials and determinations must be held in the borough where the offense or infraction was committed, the Chief City Magistrate or other Magistrate presiding at the Special City Magistrates’ Court, designated as the Chief City Magistrate’s Term, may exercise in each case all other jurisdiction in any part of the city. (See N. V. City Crim. Cts. Act, §§ 100, 102.) We find in the statutes no limitation on the power of the Magistrate presiding at the Chief City Magistrate’s Term to issue a warrant directing that a defendant, who has failed to respond to a summons in the borough in which the offense charged against him was allegedly committed, be brought before him or the Magistrate presiding over the Chief City Magistrate’s Term in any part of the city, or to try such defendant on the charge made against him, or in a proper ease to hold a preliminary hearing thereon, unless the defendant shall demand that his case be transferred for arraignment, examination, trial, or further proceedings, to the borough where the offense was committed. (See N. Y. City Crim. Cts. Act, §§ 102, 116.) Section 106 of the New York City Criminal Courts Act has no application to the Chief City Magistrate’s Term, which is a Special City Magistrates’ Court. The provisions of section 100, with respect to arraignments, trials, or further proceedings, in the borough where offenses are committed, are in our opinion not jurisdictional, but relate only to matters of venue, which may be waived in any case by a defendant brought before a Special City Magistrates’ Court in another borough (cf. People v. McCarthy, 250 N. Y. 358). The Magistrate by whom the warrant was issued had jurisdiction to issue it on the basis of a verified information laid before him, and the officer to whom the warrant was delivered had ample authority to detain respondent by virtue thereof. Consequently, the writ should have been dismissed (cf. People ex rel. Temple v. Brophy, 248 App. Div. 442, affd. 273 N. Y. 487; People ex rel. Childs v. Knott, 187 App. Div. 604, 622; People ex rel. Bernoff v. Kirby, 265 App. Div. 961). However, in view of the undisputed testimony as to the practice and procedure in the Chief City Magistrate’s Term, it is apparent that if respondent is brought before that court, his case will, if he shall so demand, be transferred to a term of the court held in the borough of Brooklyn for arraignment . Since he has already indicated that he objects to arraignment or further proceedings outside that borough, the order to be entered hereon may provide that respondent may, if he so desires, surrender himself to answer to the charge made against him *1007 in the Brooklyn Traffic Court on a date and at a time to be provided therein. We are unable to determine on the record presented whether or not the prosecution of the charge which was the basis of the warrant is barred by the Statute of Limitations. (Code Crim. Pro., §§ 142, 144.) That question may be better determined by the trial court, if respondent shall elect to plead not guilty on arraignment.
[10 Misc 2d 1051.]
Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.
Settle order on notice.