Matter of Young Israel of Eltingville, Inc. v Oorah, Inc. (2020 NY Slip Op 05215)





Matter of Young Israel of Eltingville, Inc. v Oorah, Inc.


2020 NY Slip Op 05215


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-08749
 (Index No. 85034/15)

[*1]In the Matter of Young Israel of Eltingville, Inc., respondent, 
v
Oorah, Inc., et al., appellants. (Proceeding No. 1.)
In the Matter of Oorah, Inc., et al., appellants,Young Israel of Eltingville, Inc., respondent. (Proceeding No. 2.)


Connors & Connors, P.C., Staten Island, NY (John P. Connors, Jr., and Israel Vider of counsel), for appellants.
Solomon Rubin, Brooklyn, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated March 23, 2015, and a related proceeding pursuant to CPLR article 75 to confirm that award, Oorah Inc., Congregation Oorah, Inc., and Joy For Our Youth, Inc., doing business as Kars4Kids, appeal from an order and judgment (one paper) of the Supreme Court, Richmond County (Charles M. Troia, J.), dated June 30, 2017. The order and judgment, insofar as appealed from, granted that branch of the motion of Young Israel of Eltingville, Inc., which was to confirm a referee's report, denied the cross motion of Oorah Inc., Congregation Oorah, Inc., and Joy For Our Youth, Inc., doing business as Kars4Kids, to reject the referee's report, granted the petition to vacate the arbitration award, vacated the arbitration award, denied the petition to confirm the arbitration award, and, in effect, dismissed the proceeding to confirm the arbitration award.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
Sidney Stadler, who allegedly was the president of Young Israel of Eltingville, Inc. (hereinafter YIE), a religious corporation, executed, purportedly on behalf of YIE, a memorandum of understanding (hereinafter MOU) between YIE and Oorah, Inc. (hereinafter Oorah). Stadler subsequently executed an arbitration agreement on behalf of YIE stating that YIE's dispute with Oorah and two related entities (hereinafter collectively Oorah) regarding the MOU would be decided by a Beth Din. The Beth Din later issued an arbitration award in favor of Oorah. YIE commenced a proceeding to vacate the arbitration award, and Oorah commenced a proceeding to confirm the award.
The Supreme Court appointed a special referee to hear and report on the issue of Stadler's authority regarding YIE. The referee issued a report recommending that the court determine that regardless of whether Stadler was the president of YIE, he lacked the authority to bind YIE to the terms of the MOU and the arbitration agreement. YIE moved, inter alia, to confirm the [*2]referee's report, and Oorah cross-moved to reject the referee's report. The court, among other things, granted that branch of YIE's motion which was to confirm the referee's report, denied Oorah's cross motion to reject the referee's report, granted YIE's petition to vacate the arbitration award, and denied Oorah's petition to confirm the arbitration award. Oorah appeals.
YIE's constitution provides that the general affairs of the organization shall be conducted by its board of directors, which shall have custody and control of all property belonging to the organization. The only specified duty of the president listed in the constitution is to "preside at all membership, Board of Directors and Board of Trustees meetings." Under these circumstances, we agree with the referee's determination that even assuming Stadler was YIE's president, he lacked the authority under YIE's constitution to enter into the MOU or the arbitration agreement on behalf of YIE without the approval of YIE's board of directors (see Religious Corporations Law § 5; Matter of Congregation Anshe Kesser [Jewish Community Ctr. of Corona, L.I.] , 5 AD2d 1011, 1012; see also People's Bank v St. Anthony's R.C. Church , 109 NY 512, 522).
Accordingly, we agree with the Supreme Court's determination to grant that branch of YIE's motion which was to confirm the referee's report, deny Oorah's cross motion to reject the referee's report, grant YIE's petition to vacate the arbitration award, deny Oorah's petition to confirm the arbitration award, and, in effect, dismiss the proceeding to confirm the arbitration award.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court